WILLIAM WAYNE WILLIAMS v. CANAL INSURANCE COMPANY
AND VOGLER ADJUSTERS

No. 7423DC399

(Filed 5 June 1974)

Insurance § 76— auto fire policy — change of insured vehicle — notice to broker — insufficient notice to insurer

Where defendant insurer had issued a fire policy on a Ford Torino owned by plaintiff, plaintiff's notification by telephone to the insurance broker who procured the policy that he wanted the policy changed to afford protection for a Ford Galaxie which he had purchased in lieu of the Ford Torino was not sufficient to bind defendant insurer, since the broker was the agent of plaintiff and not of defendant insurer; therefore, defendant insurer was not liable for fire damage to the Ford Galaxie.

APPEAL by plaintiff from Osborne, District Judge, 19 November 1973 Session of ALLEGHANY County, General Court of Justice, District Court Division.

Heard in the Court of Appeals 15 May 1974.

Plaintiff instituted this action to recover $2,500.00 on an insurance policy for the burning of a 1970 Ford Galaxie automobile.

At the close of the plaintiff's evidence, the defendant moved for a directed verdict under Rule 50 of the North Carolina Rules of Civil Procedure. This motion was allowed and the action dismissed with prejudice. The plaintiff appealed.

*Worth B. Folger for plaintiff appellant.*

*Hudson, Petree, Stockton, Stockton & Robinson by James H. Kelly, Jr., for defendant appellee.*

CAMPBELL, Judge.

At the outset it is noted that the judgment was entered 26 November 1973. The case on appeal was not filed in this Court until 11 March 1974, which was more than 90 days after the entry of the judgment; and no order was procured granting an extension of time within which to file the case on appeal. The case is, therefore, subject to dismissal for failure to file in apt time. We, nevertheless, elect to consider the appeal on its merits.

A directed verdict against the plaintiff having been entered, we will consider the evidence on behalf of the plaintiff in the light most favorable to the plaintiff. When so taken, the evidence for the plaintiff would establish the following factual situation.

On 13 February 1972, the plaintiff went to Ben Reeves and requested him to procure an insurance policy covering fire loss on a 1971 Plymouth automobile. Thereafter, a 1970 Ford Torino automobile was substituted in lieu of the Plymouth. On 6 May 1972, the plaintiff traded the Torino automobile for a 1970 Ford Galaxie. At the time of the trade, the plaintiff told Wayne Wright of the motor company, where the trade was made, that Ben Reeves was the plaintiff's insurance agent. Thereupon, Wayne Wright telephoned and gave the serial numbers over the telephone to have the insurance transferred. Wayne Wright did not say to whom he was talking but simply said he was calling the insurance office.

On 25 September 1972, the automobile was in possession of a boy to have the car tuned up when a fire started under the dashboard in some mysterious manner and the car burned up. The plaintiff went to Mr. Reeves and reported the loss; and some two weeks later an adjuster, representing the defendant,

came to the plaintiff and stated that the car was not covered under the policy.

Wayne Wright testified on behalf of the plaintiff that on 6 May 1972, the plaintiff traded a 1970 Ford Torino for a 1970 Ford Galaxie and that he called Ben Reeves to change the insurance and gave him the serial number of the Ford Galaxie that the plaintiff was buying and requested Reeves to change the collision insurance and Reeves said he would. Wright further testified that the value of the Ford Galaxie was $2,500.00. Wright further testified that he showed on the invoice that J. B. Reed Insurance Agency had been telephoned to change the liability insurance. He stated that the liability carrier's name was put on the bill of sale in case the purchaser should be stopped by the Highway Patrol; that the Highway Patrol does not care whether there is collision insurance on an automobile or not, so no entry was ever made about the collision insurance carrier. He further testified that he had told the plaintiff that he would take care of getting the insurance changed and that he did.

Ben G. Reeves testified on behalf of the plaintiff that he operated the Ben G. Reeves Insurance Agency and that he was an agent for Nationwide Insurance Company, but that in addition, he wrote insurance for other companies as a broker. Reeves further testified that he wrote insurance for the plaintiff on a 1971 Plymouth automobile and that he secured this insurance through Carolina Insurance Service of Winston-Salem. The policy was dated 13 February 1972, and was effective for twelve months. On 3 May 1972, Reeves was notified by the plaintiff that he had traded the 1971 Plymouth for a 1970 Ford Torino. Reeves notified Carolina Insurance Service of this change and received an endorsement from the defendant showing the change in coverage from the Plymouth to the Torino. On 25 September 1972, the plaintiff notified Reeves that a 1970 Ford Galaxie had burned. Reeves testified that he had no record of Mr. Wright calling him to change the coverage from a 1970 Ford Torino to a 1970 Ford Galaxie; that he had no knowledge of any such notification; that he had no record in his files of having any coverage for the plaintiff on a 1970 Ford Galaxie; that he never received an endorsement from the defendant or their agent, Carolina Insurance Service, showing a change in the coverage from the Torino to the Galaxie; that there is no difference in the collision premium rate on a 1970 model standard motor Torino and on a standard motor Galaxie.

The burden of proof rested upon the plaintiff to establish not only the issuance of the policy by the defendant, but that this policy afforded plaintiff coverage on the 1970 Ford Galaxie. Assuming that the plaintiff, through his automobile salesman, Wright, notified Ben G. Reeves of the exchange of the Ford Torino for the Ford Galaxie with a request that the insurance policy be changed to afford protection for the Ford Galaxie in lieu of the Ford Torino, was such notification sufficient to bind the defendant? We do not think so. North Carolina General Statute § 58-39.4 reads:

> *"Definitions.*—(a) An insurance agency is hereby defined to be any person, partnership, or corporation designated in writing by any insurance company lawfully licensed to do business in this State, to act as its agent, with authority to solicit, negotiate, and effect contracts of insurance on behalf of the insurance company through duly licensed agents of such company, and to collect the premiums thereon, or to do any of such acts.
>
> (b) An insurance broker is hereby defined to be an individual who being a licensed agent, procures insurance through a duly authorized agent of an insurer for which the broker is not authorized to act as agent."

> "§ 58-40.3. *Broker's authority and commissions.*—(a) A broker, as such, is not an agent or other representative of an insurer, and does not have power, by his own act, to bind an insurer for which he is not agent upon any risk or with reference to any insurance contract.
>
> (b) An insurer or agent shall have the right to pay to a broker licensed under this chapter, and such broker shall have the right to receive from the insurer or agent, the customary commissions upon insurance placed in the insurer by the broker."

Insofar as the defendant was concerned, Ben G. Reeves was not its agent and had no authority to bind it.

Insofar as the policy of insurance in the instant case is concerned, Reeves was acting only as a broker and as such was actually the agent of the plaintiff and not of the defendant.

In 44 C.J.S., Insurance, § 140, p. 799, we find:

> "An insurance broker, like other brokers, is primarily the agent of the person who first employs him, and, in the

absence of a statute to the contrary, he is the agent of insured as to all matters within the scope of his employment, and acts or knowledge of such broker or agent will be binding on, or imputed to, insured and not to the company. In the absence of a statute to the contrary, such broker or agent is the agent of insured, even though he solicits the insurance, or the policy is delivered to him, and he collects the premium as agent of the company, and even though he receives his compensation from the company or its agent. The fact that one is an insurance agent for other companies does not prevent him from being an insurance broker and agent for insured."

The plaintiff in the instant case failed to carry the burden of proof imposed upon him to establish coverage on the 1970 Ford Galaxie which was destroyed by fire. The judgment of the trial court was correct.

Affirmed.

Chief Judge BROCK and Judge BRITT concur.