ROBERT H. PRESSLEY AND WIFE, HAZELINE S. PRESSLEY; AND THOMAS LEE TREADAWAY AND WIFE, CHERYL P. TREAD- AWAY v. AMERICAN CASUALTY COMPANY AND LAWYERS TITLE INSURANCE CORPORATION

No. 7226SC32

(Filed 24 May 1972)

1. **Appeal and Error § 35— appeal from judgment on pleadings — statement of case on appeal**

    Where an appeal is from a judgment on the pleadings, the record proper constitutes the case to be filed in the appellate court and it is not necessary for appellants to file a statement of case on appeal.

2. **Appeal and Error § 35— summary judgment — affidavits — record proper — statement of case on appeal**

    Where summary judgment was rendered on the pleadings and on supporting affidavits, the case could not be appealed by docketing the record proper without a statement of case on appeal, the affidavits not being a part of the record proper, and the trial court properly dismissed the appeal for failure to serve the case on appeal within the time allowed by the court.

3. **Insurance § 136— fire policy — absence of insurable interest — summary judgment**

    Summary judgment was properly entered in favor of defendant insurer in an action to recover under a fire insurance policy on a house, where the pleadings and affidavits established that the named insured had conveyed the property prior to the fire, and that on the date of the fire the named insured had no insurable interest in the house and the persons who held title to the property were not insured under the policy issued by defendant.

APPEAL by plaintiff from *Hasty, Judge,* at the 21 June 1971, Schedule C Non-Jury Session, MECKLENBURG Superior Court.

This civil action was instituted by the plaintiffs to recover proceeds allegedly due under an insurance policy issued by defendant American Casualty Company.

The allegations contained in the complaint may be summarized as follows:

Plaintiffs Thomas Lee Treadaway and Cheryl P. Treadaway are the son-in-law and daughter of plaintiffs, Robert H. Pressley and Hazeline S. Pressley. Plaintiffs Thomas Lee Treadaway and Cheryl P. Treadaway held title to a tract of land located at 3200 Rockwell Boulevard, Charlotte, North Carolina. A house was located on this property. While they held title to the property, the Treadaways obtained fire insurance for the house from the W. L. Smith Agency. The Smith Agency placed the insurance policy with the defendant American Casualty Company. At some time prior to 26 December 1969, title to the property was transferred from the Treadaways to the Pressleys. It is alleged that at this time the W. L. Smith Agency was informed of the transfer of title. On or about 26 December 1969 the house was destroyed by fire. No record of the title change was ever made in the records of the W. L. Smith Agency. At the time the house was destroyed by fire, title to the property was in the name of the Pressleys and the insurance on the property was in the name of the Treadaways. Based on these allegations plaintiffs contend that they are entitled to the proceeds of the fire insurance on the property.

The defendant filed an answer and motion for summary judgment on the grounds that there was no genuine issue of fact to be determined. Defendant contends that the Treadaways had no insurable interest in the house or property on 26 December 1969 and that the Pressleys, who held title to the property on that date, were not insured under the policy issued by defendant.

Affidavits were filed by both parties, and the motion was heard before Judge Hasty. At the conclusion of the hearing, summary judgment in favor of the defendant was granted.

The judgment was filed on 2 July 1971. Plaintiffs gave notice of appeal and appeal entries were filed on 19 July 1971

allowing the plaintiffs 45 days to prepare and serve statement of case on appeal. On 7 September 1971 defendant filed notice of a motion to dismiss the appeal for failure to serve the case on appeal within the time allowed. Plaintiffs answered with a motion contending that since no testimony was taken at the hearing, there was no requirement that the case on appeal be served and that therefore they should be permitted to appeal by docketing the record proper with the Court of Appeals. Plaintiffs' motion was denied and an order was filed 10 September 1971 dismissing plaintiffs' appeal for failure to serve the case on appeal within the time allowed by the appeal entries.

From this order plaintiffs appeal to the Court of Appeals.

*Warren D. Blair and Richard L. Kennedy for plaintiff appellants.*

*Kennedy, Covington, Lobdell & Hickman by Edgar Love III for defendant appellee, American Casualty Company.*

CAMPBELL, Judge.

On appeal the plaintiffs assign as error the granting of the Motion to dismiss their appeal for failure to serve the case on appeal within the allowed time. They also assign as error the order granting defendant's motion for summary judgment.

Plaintiffs contend that a statement of case on appeal is not required in an appeal from a motion relating solely to the pleadings. They maintain that the record proper constitutes the case to be filed in the appellate court in such a case. It is argued that in the case before us it was not necessary to serve a case on appeal and therefore it was error to dismiss for failure to serve case on appeal within the time allowed.

[1]  We agree that, where an appeal is from a judgment on the pleadings, the record proper constitutes the case to be filed in the appellate court, and it is not necessary for the appealing parties to file a statement of case on appeal. *Edwards v. Edwards,* 261 N.C. 445, 135 S.E. 2d 18 (1964). Dismissal for failure to serve case on appeal within the time allowed is not proper in such a case.

[2]  The case before us is not one of judgment on the pleadings. In this case summary judgment was rendered on the pleadings

and on supporting affidavits. Pleadings themselves constitute a part of the record proper. The general rule is that affidavits being in the nature of evidence are generally not part of the record proper. In order to be considered on appeal, they must be brought into the record by appropriate means. 4A C.J.S., Appeal and Error, § 762(b). The proper method to bring the affidavits to the attention of the appellate court in this jurisdiction is to incorporate them into the statement of case on appeal.

The case before us involves affidavits which are not part of the record proper, and therefore it could not be appealed by docketing the record proper without a statement of case on appeal. The trial court was correct in dismissing the appeal for failure to serve the case on appeal within the time allowed. Furthermore the case on appeal was filed late in this Court.

[3] We have, nevertheless, reviewed the plaintiffs' other assignments of error and find them to be without merit. There was no factual dispute and the entry of a summary judgment was proper.

Appeal dismissed.

Judges GRAHAM and BRITT concur.