RAY D. COLLINS v. QUINCY MUTUAL FIRE INSURANCE COMPANY

No. 7721SC857

(Filed 5 December 1978)

1. **Insurance § 126— fire insurance—plaintiff as tenant in common with two others—no notice of ownership given insurer**

   In an action to recover on a fire insurance policy where defendant refused to pay more than one-third of the amount of the loss because plaintiff owned the insured property with two other persons as tenants in common, there was no triable issue as to whether defendant had notice of the ownership of the property and thereby waived limitation of coverage to the amount of plaintiff's interest, since knowledge as to title of the property imported to an independent insurance broker would not be imputed to defendant; employees of the general agent for defendant executed affidavits stating that notice was not given to the general agent that plaintiff was not the sole owner of the property; and even if notice of plaintiff's interest was given to defendant's general agent after issuance of the policy and before the loss in question, no waiver of limitation of recovery to plaintiff's interest could be inferred.

2. **Insurance § 115— fire insurance—plaintiff as manager of damaged property—insurable interest—summary judgment limiting recovery improper**

   In an action to recover on a fire insurance policy where the policy covered any loss plaintiff might have including loss as managing agent of the

insured property, there was a triable issue as to whether plaintiff was the manager of the property which he owned with two other persons, and the trial court erred in granting defendant's motion for summary judgment limiting plaintiff's recovery to one-third of the damage to the property.

APPEAL by plaintiff from *Lupton, Judge.* Judgment entered 10 June 1977 in Superior Court, FORSYTH County. Heard in the Court of Appeals 15 August 1978.

The plaintiff has appealed from the entry of a summary judgment against him in the Superior Court of Forsyth County. The plaintiff owned as tenant in common with two other persons a house and lot in Forsyth County. In January 1973 the plaintiff asked a Mr. Roger Swisher to obtain fire insurance on the house. Mr. Swisher called Betty Capps at Jack Hoots Insurance Service, Inc. and requested that a policy be issued on the house. The Jack Hoots Insurance Service, Inc., as general agent for the defendant, issued to plaintiff a standard fire insurance policy for North Carolina. This policy complied with G.S. 58-176 and among other things, it gave the name of the insured as Ray D. Collins. It contained the folowing pertinent language: "this Company . . . does insure the insured named above and legal representatives, to the extent of the actual cash value of the property at the time of loss, . . . against all direct loss by fire. . . . This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein. . . ."

The policy was for $15,000.00 and its effective date was 10 January 1973. The plaintiff paid all premiums on the policy. The house was damaged by fire on 4 January 1976. The plaintiff filed a claim with the defendant, and the defendant refused to pay more than one-third the amount of the loss. The plaintiff filed this action, and the defendant made a motion for summary judgment. At the hearing on the motion for summary judgment, the defendant offered the deposition of Roger Swisher and the affidavits of Jack Hoots, president and general manager of Jack Hoots Insurance Service, Inc. and Betty Capps, office manager and bookkeeper for Jack Hoots Insurance Service, Inc. Roger Swisher testified by deposition that he is a self-employed insurance broker who has never been employed by Jack Hoots Insurance Service, Inc. He testified further that in January 1973, Ray D. Collins ask-

ed him to procure a fire insurance policy on a house he owned with two other persons, that he procured the policy from Jack Hoots Insurance Service, Inc. in the name of Ray Collins and did not tell Jack Hoots Insurance Service, Inc. that anyone else owned an interest in the property. At one point Roger Swisher said:

> "there is a possibility that I did inform them that Ray was acting as an agent for an association, a group. It seems to me that at some time or other, in the course of this period of three years, that I did say to them that Ray Collins was acting as an agent for a partnership association."

Jack Hoots and Betty Capps each testified by way of affidavit that they had never been informed that anyone other than Ray D. Collins had any interest in the property.

The court granted the defendant's motion for summary judgment, limiting the plaintiff's recovery to one-third of the damage to the property. The plaintiff appealed.

*Badgett, Calaway, Phillips and Davis, by Susan Rothrock Montaquila and Richard G. Badgett, for plaintiff appellant.*

*Womble, Carlyle, Sandridge and Rice, by Allan R. Gitter and Keith W. Vaughan, for defendant appellee.*

WEBB, Judge.

At the outset we note that this is a proper case for a motion for summary judgment to be considered. The defendant relied on affidavits and the deposition of Roger Swisher, which showed there could be no genuine issue as to the material facts as to notice to it in regard to the ownership of the property. The plaintiff did not offer any proof to dispute the deposition testimony, or affidavits. There being no dispute as to the facts, summary judgment should be considered. *Alltop v. Penney Co.*, 10 N.C. App. 692, 179 S.E. 2d 885, *cert. denied*, 279 N.C. 348, 182 S.E. 2d 580 (1971). We must determine whether on these undisputed facts the defendant is entitled to a judgment as a matter of law.

[1]   The plaintiff contends summary judgment was not proper for two reasons: (1) there is a triable issue as to whether the defendant had notice of the ownership of the property and (2) the plain-

tiff had an insurable interest as managing agent of the property, which interest was covered by the policy. We discuss first the plaintiff's contention as to notice. The policy insured the interest of the plaintiff in the property. He is limited in his recovery to the amount of his interest unless the defendant waived this condition by having knowledge of the title to the property. *Grabbs v. Insurance Co.*, 125 N.C. 389, 34 S.E. 503 (1899); *Hardin v. Insurance Co.*, 189 N.C 423, 127 S.E. 353 (1925). The plaintiff contends it is a jury issue as to whether the defendant had this knowledge. Both sides agree that Roger Swisher was an insurance broker who was not an agent of defendant. *Williams v. Insurance Co.*, 21 N.C. App. 658, 205 S.E. 2d 331 (1974). The knowledge as to the title of the property imparted to Mr. Swisher would not be imputed to defendant. The affidavits of Jack Hoots and Betty Capps each say notice was not given to the Jack Hoots Insurance Service, Inc. that plaintiff was not the sole owner of the property. The plaintiff contends these affidavits were refuted so that there was a triable issue by evidence which showed the plaintiff gave only a minimal description of the property to Roger Swisher, and the policy was issued with a good description of the property. The plaintiff contends this gives rise to an inference that this information had to have been acquired by the defendant by further inquiry or some contact with the plaintiff. Conceding this to be true, there is still no evidence that at the time of the contact the defendant was informed as to the title to the property.

The plaintiff also contends that the deposition testimony of Roger Swisher in which he said that it seemed to him that at some time during the three years he said to Jack Hoots Insurance Service, Inc. that plaintiff was acting as agent for the property served to put defendant on notice. The difficulty with this argument is that it is not evidence that the defendant's agent was informed of the ownership at the time the policy was written. Our Supreme Court has held that knowledge imparted to a general agent of an insurance company after the policy is written is not knowledge upon which a waiver to a condition in the policy may be inferred. *Johnson v. Insurance Co.*, 201 N.C. 362, 160 S.E. 454 (1931); *Smith v. Insurance Co.*, 193 N.C. 446, 137 S.E. 310 (1927). There is authority otherwise from other jurisdictions (*see* 45 C.J.S., Insurance, § 694, p. 654), but we can find none in this state. We affirm the summary judgment so far as it holds there

was no waiver by the defendant based on knowledge as to the title.

[2]   We come next to the plaintiff's contention that he had an insurable interest as managing partner which was covered by the policy. A valid insurable interest is an interest that furnishes a reasonable expectation of pecuniary benefit from the continued existence of the subject of the insurance. 43 Am. Jur. 2d, Insurance, § 466, p. 507. It does appear that the plaintiff in his capacity as managing agent had an expectation of pecuniary benefit from the continued existence of the property. This would give him an insurable interest as managing agent. The question then becomes whether the policy insured this interest. The language of the policy is as follows: "Company . . . does insure [Ray Collins] . . . to the extent of the actual cash value of the property . . . against all direct loss by fire. . . ." The defendant contracted to insure Ray Collins against fire loss. The question is whether this insurance of him against fire loss includes any loss he might have, including loss as managing agent, or whether it includes only loss he might sustain as owner of the property. We believe the proper construction of the policy is that it should cover all the interests of the plaintiff. The only case we have found comparable to the case at bar is *Phoenix Insurance Co. v. Brown,* 53 Tenn. App. 240, 381 S.W. 2d 573, 577 (Tenn. App., E.S. 1964), *cert. denied* by Supreme Court, 15 July 1964. On a similar factual situation, the Court of Appeals in Tennessee affirmed a judgment allowing recovery by the plaintiff and said:

> "Under the proof in this case, Walter Brown acted as the agent of the owner in looking after the property and keeping it insured. If he had failed to procure insurance he might have been held responsible for the loss and we think, . . . he had an insurable interest."

We hold that there is a triable issue as to whether the plaintiff was the manager of the property he owned as tenant in common with two other persons. If he was managing agent, he does have an insurable interest and the policy covered it.

We note that the defendant has not in its pleadings attempted to void the policy for misrepresentation as to ownership of the property and in its brief it specifically says it is not relying on this as a defense.

The plaintiff has also brought forward an assignment of error as to the court's refusal to allow him to amend the caption of the complaint. In view of the position we have taken in this opinion, we do not pass on this assignment of error.

Reversed and remanded.

Judges MORRIS and HEDRICK concur.