RAY D. COLLINS v. QUINCY MUTUAL FIRE INSURANCE COMPANY

No. 111

(Filed 30 July 1979)

Insurance §§ 115, 126 — fire insurance — property insured by co-tenant — insurable interest

    · G.S. 58-176 providing that insurance coverage shall in no event be for more than the "interest of the insured" encompasses more than legal title and is broad enough to cover the entire property which is insured by one co-tenant, acting as agent, for the benefit of all the owners.

    Justice BROCK did not participate in the consideration or decision of this case.

APPEAL from *Lupton, J.,* 31 May 1977 Session of FORSYTH Superior Court.

Collins v. Insurance Co.

Plaintiff instituted this action to recover the sum of $15,000 under the provisions of a fire insurance policy issued by defendant to plaintiff insuring a dwelling house located in Clemmons Township, Forsyth County, North Carolina. After filing answer, defendant moved for summary judgment pursuant to Rule 56 of the Rules of Civil Procedure. A motion for summary judgment was heard by Judge Lupton upon the following instruments: Affidavit of Betty Capps, Office Manager for Jack Hoots Insurance Service, Inc.; affidavit of Roger Swisher, a self-employed insurance broker; a proof of loss statement; a non-waiver agreement; the insurance policy issued by defendant and the affidavit of plaintiff Ray D. Collins. The undisputed evidence arising from these documents may be summarized as follows: In January, 1973, plaintiff asked Mr. Swisher to obtain fire insurance coverage in the amount of $15,000 on a one family tenant dwelling located in Clemmons Township, Forsyth County. This property was owned by plaintiff, Max Bingham and Thad Bingham as tenants in common, and plaintiff advised Mr. Swisher of this fact at the time he requested coverage. Mr. Swisher, who was not defendant's agent, then requested Jack Hoots Insurance Service, Inc., an agent of defendant, to issue fire insurance coverage on the dwelling. Mr. Swisher averred that:

I don't recall that I did, prior to January 4, 1976, inform anyone with Jack Hoots Insurance Service, Inc. that Mr. Collins owned only a one-third (⅓) interest in the property that we talked about earlier, or that Mr. Collins was not the sole owner of the property. There's a remo—there is a possiblity that I did inform them that Ray was acting as an agent for an association, a group. It seems to me that at some time or other, in the course of this period of three years, that I did say to them that Ray Collins was acting as an agent for a partnership association. No, I do not recall specifically, when I might have made some mention of that. . . .

On 10 January 1973, a fifty dollar deductible fire insurance policy was issued by defendant in the name of Ray D. Collins which policy provided for fire insurance coverage from 10 January 1973 to 10 January 1976. This policy was in full force and effect when the dwelling insured was damaged by fire on 4 January 1976 in an amount appraised at $9,040. Pursuant to the requirements of G.S. 58-176, the policy provided that it insured:

The insured named above [Ray D. Collins] and legal representatives, to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after such loss, without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair, and without compensation for loss resulting from interruption of business or manufacture, nor in any event for more than the interest of the insured.

The documents before Judge Lupton contain conflicting evidence as to whether an employee of Jack Hoots Insurance Service, Inc., contacted plaintiff to obtain more information concerning the property prior to the issuance of the policy. In their respective affidavits, Jack Hoots and Betty Capps averred that Mr. Swisher never informed either of them of the limited interest that plaintiff held in the property.

After considering the evidence and hearing argument of counsel, Judge Lupton entered judgment on 10 June 1977 granting judgment for plaintiff in the amount of $2963.33 (one-third of the appraised damage less the fifty dollar deductible) and dismissed the remainder of the claim. Plaintiff appealed and the Court of Appeals reversed and remanded, holding that there was a triable issue as to whether plaintiff was manager of the property in which he owned an undivided interest with two other persons as tenants in common. The Court of Appeals reasoned that if plaintiff was the managing agent, he had an insurable interest. Defendant petitioned this Court for discretionary review, and its petition was allowed on 6 March 1979.

*Badgett, Calaway, Phillips, Davis & Montaquila by Susan Rothrock Montaquila and Richard G. Badgett for plaintiff appellee.*

*Womble, Carlyle, Sandridge & Rice by Allan R. Gitter and Keith W. Vaughan for defendant appellant.*

BRANCH, Justice.

The sole question presented by this appeal is whether the Court of Appeals erred in reversing the trial court's granting of

defendant's motion for summary judgment. We agree with the decision of the Court of Appeals that no material issue of fact was raised with regard to waiver of any policy provision by the insurance company. Thus, resolution of this question is dependent on our construction of the policy language required by G.S. 58-176 which provides that the insurance coverage shall not in any event be for more than "the interest of the insured. . . ."

Defendant apparently contends that this policy provision refers to the nature and extent of the insured's legal title. Plaintiff, on the other hand, contends that the "interest of the insured" may be broader than the extent of his legal title, and his status as managing agent for his co-tenants gave him an insurable interest in the entire property. The question thus presented appears to be one of first impression.

Prior to 1945, former G.S. 58-177, which contained the standard policy provisions, required that the policy contain the following language: "This entire policy shall be void . . . if the interest of the insured be other than unconditional and sole ownership." Being cognizant of the reason for this provision and the detrimental consequences strict construction might have for the insured, this Court stated in *Roberts v. Insurance Co.*, 212 N.C. 1, 192 S.E. 873 (1937):

> . . . Therefore, clauses in policies requiring a truthful statement of the interest of the applicant for insurance . . . are to be construed not technically to the prejudice of the policyholder, but rationally and fairly to protect the insurance company from the extraordinary risks, and from the certain and numerous losses which would fall upon them from insurance not actually owned by the persons insured.

In 1945, the pertinent statutes were amended, and the requirement of "unconditional and sole ownership" was omitted. G.S. 58-176 now provides that insurance coverage shall in no event be "for more than the interest of the insured. . . ." The reason for this provision appears to be the same as for the old "unconditional and sole ownership" provision. By limiting the insurer's liability to the "interest of the insured," the insurer is protected against fraud, material misrepresentations, or risks which it could not reasonably foresee or those which are of no consequence to the insured. More importantly, we are of the opinion

that the current provision is susceptible of a broader construction than the former provision. The former provision required the insured's interest to be "unconditional and sole ownership." Even though the statute spoke of ownership, the cases construing that provision did not limit "ownership" to legal title. *See, Roberts v. Insurance Co., supra.* Moreover, this Court has held that "interest of the insured" in the current statute encompasses more than legal title. *King v. Insurance Co.,* 258 N.C. 432, 128 S.E. 2d 849 (1963). The limiting phrase "unconditional and sole ownership" does not appear in G.S. 58-176 which contains the current standard policy provisions. The omission of this phrase undoubtedly broadens the scope of coverage allowed by statute.

Our inquiry must focus on whether the statutory policy provision limiting coverage to the "interest of the insured" is broad enough to allow recovery, for the full value of property destroyed by fire, on a policy issued to one tenant in common, who without notice to the insurer was ostensibly acting on behalf of his cotenants.

It is generally stated that where, by the terms of the policy, the insurer is not to be liable beyond the interest of the insured in the property, a stranger to the contract cannot collect thereon simply because he was the owner of an undivided interest in the property destroyed. 5A Appleman, *Insurance Law and Practice,* § 3361 (1970). However, it is not unusual, among joint owners of property, to leave the responsibility for management of the property to one of the owners. Generally, authority to take charge of property includes authority to take reasonable measures to protect the property against destruction or loss, to keep it in reasonable repair and if the property is of the kind which is ordinarily insured, to insure it. 3 Am. Jur. 2d *Agency* § 87 (1962). Therefore, it is recognized that if insurance is taken for the benefit and at the expense of all co-tenants, each is entitled to his share of the proceeds, as where the one takes out insurance on the whole, and calls on his co-tenants to contribute to the payment of the premiums, or pays them from rents of the common property. 46 C.J.S. *Insurance* § 1141 (1946).

It is apparent from the judgment entered in instant case that the trial judge equated "interest of the insured" with legal title of the insured. We are of the opinion that the trial judge erred in

granting defendant's motion for summary judgment based on such a limited construction. Further, absent fraud or material misrepresentation, we hold that the term "interest of the insured" is broad enough to cover the entire property which is insured by one co-tenant, acting as agent, for the benefit of all the owners. Such construction does not increase the risk assumed by the insurance company. Plaintiff, the named insured, sought protection for the full value of the rental property in question and paid premiums on the assumption that the property was fully covered. Defendant contracted to insure the property for full value to the extent of plaintiff's interest. We find Justice Reade's common-sense statement in *Willis v. Insurance Companies*, 79 N.C. 285 (1878), apropos:

> Insurance contracts are prepared by insurers who have at their command in their preparation the best legal talent and business capacity, and every precaution is taken for their protection. This is made necessary to prevent the frauds of bad men. But on the other hand the insured are generally plain men without counsel, or the capacity to understand the involved and complicated writings which they are required to sign, and which in most cases probably they never read. What they understand is that they are to pay the insurers so much money, and if they are burnt out the insurers pay them so much. Where therefore there has been good faith on the part of the insured and a *substantial* compliance with the contract on their part, the Courts will require nothing more.

For the purposes of the risk assumed by defendant, we think it is immaterial whether plaintiff was acting as an agent for his co-tenants or whether he was the sole owner. Had plaintiff procured the insurance by fraud or misrepresentation of a material fact, defendant would have been protected by the standard policy provisions of G.S. 58-176. Defendant alleges no fraud or misrepresentation of any material fact. Had the other co-tenants procured insurance on the property, defendant would have incurred only pro rata liability pursuant to G.S. 58-176. Defendant assumed the risk which it intended. It has not been misled, and its rights have in no way been affected by its ignorance concerning ownership of the property.

We note that this difficulty would not have arisen had the broker, through whom plaintiff sought insurance, been an agent of defendant. In such case, the agent's knowledge that plaintiff was acting on behalf of himself *and* his co-tenants would have been imputed to the insurer making it liable for the full value of the property in case of loss. Clearly the equities are in plaintiff's favor because even had he known that Mr. Swisher was a broker rather than an agent, the legal implications of that status would not have been apparent to him.

Plaintiff need not, however, depend on equity for relief. The term "interest of the insured" is broad enough to cover plaintiff's ostensible status as managing agent for his co-tenants. Thus, there is presented a triable issue of fact as to whether plaintiff was actually acting as agent for the other owners of the property. If the jury finds that plaintiff was acting as agent for the other owners, defendant would be liable to the full extent of the loss, the insurance proceeds inuring to the benefit of plaintiff and his co-tenants according to their respective ownership.

The decision of the Court of Appeals is

Affirmed.

Justice BROCK did not participate in the consideration or decision of this case.