JERRY H. JEROME, TRUSTEE, AND BREVARD FEDERAL SAVINGS AND LOAN ASSOCIATION, PLAINTIFFS-APPELLEES, v. GREAT AMERICAN INSURANCE COMPANY, DEFENDANT-APPELLANT

No. 8029SC1146

(Filed 16 June 1981)

1. **Insurance § 119— fire insurance — standard mortgage clause — notice to insurer of change of ownership**

A fire insurance policy did not become null and void because of the failure of a mortgagee to notify the insurer of a change in ownership of the insured property as required by the standard mortgage clause. Furthermore, the

evidence established that a trustee was the owner of the property at all times in question and that no change in ownership had occurred.

**2. Insurance § 119— fire insurance — standard mortgage clause — ownership of person not named insured — no increase in hazard**

A mortgagee's knowledge that insured property was owned by a person other than the named insured did not constitute knowledge of an increase in hazard of which the mortgagee was required by a standard mortgage clause of a fire insurance policy to notify the insurer.

**3. Insurance § 115— fire insurance — insurable interest in property**

The named insured in a fire insurance policy had an insurable interest in the insured property, although insured and his wife had conveyed the property to the wife as trustee for their children, where the insured was using the property as a personal residence for himself and his family and would obviously suffer pecuniary loss if a fire occurred, and where insured remained personally liable on promissory notes which were secured by the insured property.

**4. Trusts § 6.3— intent to sign deed of trust as trustee**

A trustee's failure to sign a deed of trust in her capacity as trustee did not affect the validity of the execution of that deed of trust where the person signing the deed of trust only held the property as trustee and thus clearly intended to sign the deed of trust in her capacity as trustee.

APPEAL by defendant from *Lamm, Judge.* Judgment entered 3 July 1980 in Superior Court, TRANSYLVANIA County. Heard in the Court of Appeals 26 May 1981.

This is a civil action wherein plaintiffs, Brevard Federal Savings and Loan Association (hereinafter "Brevard Federal") and Jerry H. Jerome, Trustee (hereinafter "Jerome"), seek to recover the proceeds of a homeowner's insurance policy issued by defendant wherein W. D. Vickery was the named insured and plaintiffs were endorsed as mortgagees.

The matter was heard on plaintiffs' motion for summary judgment. The pleadings, affidavits, deposition of plaintiff Jerome, and exhibits reveal the following uncontroverted facts: (1) A deed dated 6 August 1975 from W. D. Vickery and his wife B. Diane Vickery to B. Diane Vickery as trustee for the benefit of their children conveying a tract of land whereon was located the premises in question; (2) a homeowner's insurance policy issued by defendant on 16 August 1977 wherein W. D. Vickery was the named insured, insuring the premises in question in the amount of $66,000; (3) a deed of trust executed by W. D. Vickery and his wife, B. Diane Vickery, individually, and B. Diane Vickery as

trustee for their children to plaintiff Jerome as trustee for plaintiff Brevard Federal on 30 September 1977 securing a promissory note in the principal amount of $32,500; (4) an endorsement of the insurance policy also dated 30 September 1977 providing that the policy be endorsed "to show Jerry H. Jerome, Trustee for Brevard Federal Savings and Loan Assoc., 132 S. Caldwell Street, Brevard, N.C. 23712 as Mortgagee;" (5) a second deed of trust, dated 10 February 1978, executed by W. D. Vickery and his wife B. Diane Vickery to plaintiff Jerome as trustee for plaintiff of Brevard Federal, securing a promissory note in the principal amount of $10,000, with the said deed of trust signed by W. D. Vickery and his wife B. Diane Vickery and recorded, and, sometime after 25 February 1978, signed by B. Diane Vickery in her capacity as trustee and re-recorded; (6) the premises in question were totally destroyed by fire on 25 February 1978; and (7) plaintiffs filed a sworn statement in proof of loss on 25 July 1978, but defendant refused to pay the policy proceeds to plaintiffs. From summary judgment for plaintiffs in the amount of $46,871.32, defendant appealed.

*Van Winkle, Buck, Wall, Starnes & Davis, by Albert L. Sneed, Jr., for the plaintiff appellees.*

*Morris, Golding, Blue & Phillips, by William C. Morris, Jr., for the defendant appellant.*

HEDRICK, Judge.

The sole question presented on this appeal is whether the court erred in granting plaintiffs' motion for summary judgment. G.S. § 1A-1, Rule 56(c) in pertinent part provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

Defendant contends that genuine issues of material fact exist, "having to do with the obligation of the plaintiff to notify the defendant of the change in ownership and the increase in hazard" and with "whether W. D. Vickery was acting as agent for the owner when he insured the property in his name only and

whether B. Diane Vickery executed the second mortgage in her fiduciary capacity . . . ," and that "the law does not entitle the plaintiff to judgment in its favor."

In support of its contentions, defendant makes several arguments based upon the following provision of the insurance policy in question:

> Loss, if any, under this policy, shall be payable to the mortgagee (or trustee), named on the first page of this policy, as interest may appear, under all present or future mortgages upon the property herein described in which the aforesaid may have an interest as mortgagee (or trustee), in order of precedence of said mortgages, and this insurance as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same.

> Provided also, that the mortgagee (or trustee) shall notify this Company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee (or trustee) and, unless permitted by this policy, it shall be noted thereon and the mortgagee (or trustee) shall, on demand, pay the premium for such increased hazard for the term of the use thereof, otherwise this policy shall be null and void.

Such a provision is known as a "standard mortgage clause," *see Green v. Fiedlity-Phenix Fire Insurance Company*, 233 N.C. 321, 64 S.E. 2d 162 (1951), and it establishes a separate and independent contract between the insurer and the mortgagee as loss payee. *Federal Land Bank v. Atlas Assurance Co.*, 188 N.C. 747, 125 S.E. 631 (1924). *See also* 7 Strong's N.C. Index 3d Insurance § 119.

[1] Defendant first argues that plaintiffs failed to notify defendant of a change in ownership of the insured property as required

---

---

by the policy provision quoted above, and that the policy is null and void as a result. We disagree. The provision quoted above does *not* say that the policy would become invalid for simply failing to notify the insurer of a change in ownership. Even if under some interpretation the provision could be construed in such a fashion, the record clearly establishes that B. Diane Vickery, Trustee, was the owner of the property from 6 August 1975 to the date of the loss, 25 February 1978, such that no change in ownership occurred.

[2] Defendant next argues that ownership of property by one other than the named insured constitutes an increase in hazard, and when plaintiff Brevard Federal had the title to the insured property searched at the time the first deed of trust was executed, it should have discovered that title to the insured property was not in the named insured, and then it should have disclosed such an "increase in hazard" to defendant insurer as required under the above-quoted provision. We disagree. The North Carolina cases cited by defendant, *Shores v. Rabon,* 251 N.C. 790, 112 S.E. 2d 556 (1960), and *Forsyth County v. Plemmons,* 2 N.C. App. 373, 163 S.E. 2d 97 (1968), simply do not stand for the proposition advanced by defendant, and two out-of-state cases cited by defendant, *Jackson v. American Eagle Fire Insurance Company,* 92 S.W. 2d 874, --- Tenn. --- (1936), and *Pulaski Savings and Loan Association v. U.S. Fidelity and Guaranty Co.,* 539 S.W. 2d 602 (Mo. 1976) are clearly distinguishable. *Jackson,* unlike the present case, involved a policy with a provision requiring that the named insured be the "sole and unconditional owner" of the insured property. *Pulaski* involved an absolute change in ownership after the issuance of the policy which was not disclosed to the insurer, while no such change in ownership took place in the present case. Moreover, by having us hold that ownership of insured property by one other than the named insured was an "increase in hazard," defendant would have us render plaintiffs accountable for failing to discover something which defendant certainly should have discovered when it issued the policy.

[3] Third, defendant argues that plaintiff Brevard Federal, through its agent, plaintiff Jerome, had no insurable interest in the property held under the second deed of trust dated 10 February 1978 since it took the deed of trust from persons who did not own the property. Citing *Imperial Building & Loan*

*Association v. Aetna Insurance Co.*, 113 W. Va. 62, 166 S.E. 841 (1932), defendant contends that when the mortgagor has no insurable interest in property described in an insurance policy naming him as insured, such that the policy is void *ab initio*, the mortgagee under a standard mortgage clause such as the one quoted above likewise has no insurable interest, even though the mortgagee has a separate and independent contract with the insurer. We have found no North Carolina case directly in support of this proposition, and defendant acknowledges that there is case law in other jurisdictions to the contrary; nevertheless, even if we assume the proposition to be true, the record in the present case clearly demonstrates that the mortgagor and named insured, W. D. Vickery, did have an insurable interest in the insured property and the policy was not "void *ab initio.*" We note that the policy in question contains no warranty of ownership nor a "sole and unconditional ownership" provision whereby lack of ownership of the insured property by the named insured would void the policy. An "insurable interest" arises if the peril against which insurance is made would bring upon the named insured, by immediate and direct effect, some pecuniary loss, *Federal Land Bank v. Atlas Assurance Co., supra; Rea v. Hardward Mutual Casualty Co.*, 15 N.C. App. 620, 190 S.E. 2d 708, *cert. denied,* 282 N.C. 153, 191 S.E. 2d 759 (1972), or if the named insured would derive some pecuniary benefit from the preservation of the insured property. *King v. National Union Fire Insurance Co.*, 258 N.C. 432, 128 S.E. 2d 849 (1963). Since the record discloses that W. D. Vickery, the named insured, was using the property as a personal residence for himself and his family, he obviously would suffer pecuniary loss, by immediate and direct effect, if the peril insured against, in this case fire, occurred. Moreover, a grantor retains an insurable interest in property after its conveyance where he remains personally liable for a debt secured by the insured property, at least when the policy is not conditioned for exclusive or unconditional title. 3 Couch on Insurance 2d, § 24:101. In the present case, the record shows that even though W. D. Vickery and his wife conveyed the property to the wife as trustee, W. D. Vickery was personally liable on the promissory notes which were secured by the property.

[4] Defendant also argues that the second deed of trust was invalid since B. Diane Vickery did not sign the instrument in her

capacity as trustee for their children, and thus plaintiffs cannot recover under the standard mortgage clause quoted above on this deed of trust. We disagree. A deed executed by the trustee to convey property held in trust will operate as an exercise of the trustee's power of disposition notwithstanding the failure on its face to indicate that it was executed by the trustee in his capacity as such when the intent to exercise the power can be inferred from the circumstances surrounding the transaction. *Tocci v. Nowfall*, 220 N.C. 550, 18 S.E. 2d 225 (1942). Also, the execution of a deed which would otherwise be ineffective is sufficient evidence to indicate such an intent. *Tocci v. Nowfall*, *supra*. Under the circumstances of the present case, B. Diane Vickery clearly intended to sign the second deed of trust in her capacity as trustee, since she only held the property as trustee. Thus, her failure to sign the second deed of trust in her capacity as trustee did not affect the validity of the execution of that deed of trust.

We hold the record before us discloses no genuine issue of material fact and that the trial judge properly entered summary judgment in favor of plaintiffs.

Affirmed.

Judges CLARK and WELLS concur.