NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY v.
DAVID R. WINGLER AND TERESA HAM WINGLER

No. 9223SC376

(Filed 1 June 1993)

1. **Appeal and Error § 95 (NCI4th)— denial of discovery of documents—no right of immediate appeal**

 An order denying discovery of documents was not immediately appealable where the record failed to disclose what evidence was being sought and defendants thus failed to show that the information being sought was so crucial to the outcome of the case that denial of the motion would deprive defendants of a substantial right.

 **Am Jur 2d, Appeal and Error § 80.**

2. **Insurance § 728 (NCI4th)— installment purchase of home—joint homeowner's insurance—home destroyed by fire—amount of recovery by purchaser**

 Where defendant purchaser entered into an installment contract for the purchase of a home from the sellers with the transfer of the deed reserved for later, the agreement provided that homeowner's insurance would be carried jointly on the property but failed to provide how insurance proceeds would be divided, the home was destroyed by fire after defendant had made eight payments and before legal title had passed, and the insurance policy provided that the insurer would not be liable to the purchaser for more than his insurable interest in the property, the purchaser's recovery under the policy was limited to his insurable interest in the home, which was the amount of equity he had paid toward the purchase price.

 **Am Jur 2d, Insurance §§ 938 et seq.**

3. **Appeal and Error § 99 (NCI4th)— denial of motion to amend—compulsory counterclaim—right of immediate appeal**

 The denial of a motion to amend is generally an interlocutory order; however, when the trial court's ruling involves an amendment to an answer to add a compulsory counterclaim, the denial of the motion to amend affects a substantial right and is immediately appealable.

 **Am Jur 2d, Appeal and Error § 99.**

**4. Rules of Civil Procedure § 15.1 (NCI3d) — compulsory counterclaim — denial of motion to amend — no abuse of discretion**

The trial court did not abuse its discretion in the denial of defendants' motion to amend their answer to add a compulsory counterclaim for deceptive and unfair trade practices, a claim that would greatly change the nature of the defense and add a possibility of treble damages, where substantial discovery had already taken place and several months had passed since defendants filed their answer. N.C.G.S. § 1A-1, Rule 13(f).

**Am Jur 2d, Pleading §§ 310, 312, 315, 322, 324.**

**Timeliness of amendments to pleadings made by leave of court under Federal Rule of Civil Procedure 15(a). 4 ALR Fed 123.**

**5. Appeal and Error § 118 (NCI4th) — denial of summary judgment — unappealable interlocutory order**

The denial of a motion for summary judgment is an interlocutory and unappealable order.

**Am Jur 2d, Appeal and Error § 104.**

Appeal by defendants from judgments entered 17 January 1992 and 31 January 1992 by Judge Julius A. Rousseau, Jr. in Wilkes County Superior Court. Heard in the Court of Appeals 11 March 1993.

*Willardson & Lipscomb, by William F. Lipscomb, for plaintiff-appellee.*

*Franklin Smith for defendants-appellants.*

LEWIS, Judge.

The issues presented by this appeal arise out of a homeowner's insurance policy and an unfortunate fire. On 11 April 1990, David Wingler entered into a handwritten "Installment/Purchase Agreement" (hereafter "Agreement") to purchase a home in Wilkes County from Grace Wilson Prevette and Worth Prevette (hereafter "Prevette"). The terms of the Agreement were that David Wingler would pay at least $500 a month for twelve months towards the purchase price of $62,000, with the remaining balance due within 30 days of the final monthly payment. It was further agreed that homeowner's insurance would be carried jointly with the pre-

miums being split equally between David Wingler and Prevette. In the event of a major loss, it was agreed that David Wingler would have the option to repair the home or pay the remaining cash balance to Prevette. Regardless of the actual status of the Agreement, it was agreed that the property would be considered sold to David Wingler unless he failed to pay the full purchase price in the time allotted.

On 19 June 1990 a coinsurance policy was issued on the Prevette home to David Wingler by North Carolina Farm Bureau Mutual Insurance Company (hereafter "Farm Bureau"), with Prevette listed as mortgagee. The policy provided for coverage in the amounts of: $50,000 for loss to the dwelling, $25,000 for loss to personal property, $5,000 for loss to other structures, and $10,000 for loss of use.

After entering into the Agreement, David Wingler married Teresa Wingler (hereafter "the Winglers") and the couple resided in the home until 4 February 1991, when a fire destroyed much of the house. According to the Winglers, they were awakened at approximately 5:00 a.m. by flames in the doorway of their basement bedroom. The Winglers immediately exited the house with their children and then called the fire department from a neighbor's house. The Winglers did not have time to remove any of their personal belongings and most were lost in the fire.

On 11 February 1991, the Winglers submitted a proof of loss statement to Farm Bureau in the amount of $76,071.27. This amount represented the value of the home plus loss and damage to personal property. Farm Bureau's investigation of the fire revealed traces of gasoline leading from the basement stairwell up to the first floor. Farm Bureau also learned that the Winglers had been trying to sell the house for several months. On the basis of this information, the Winglers' claim was denied.

On 15 May 1991, Farm Bureau initiated the present Declaratory Judgment action against the Winglers asserting that the Winglers were barred from recovering anything under the policy for having participated in the burning of insured property, making material misrepresentations and failing to produce requested documents. Farm Bureau also requested that the trial court determine the respective interests of the Winglers and Prevette.

After suit was filed, the Winglers submitted their First Set of Interrogatories and First Request for Production of Documents seeking the names of all persons having any knowledge of the allegations in Farm Bureau's complaint. Thereafter, the Winglers filed a Second Request for Production of Documents requesting all documentation in the possession of Farm Bureau or any of its agents that related to Farm Bureau's allegations. The Winglers were particularly interested in the reports of Farm Bureau's Special Investigator, Jimmy Ledbetter. Farm Bureau objected to most of the information sought claiming that it had been prepared in anticipation of litigation and was protected by work product immunity. The Winglers filed a Motion to Compel Discovery which was heard on 16 December 1991. The trial court ordered Farm Bureau to produce most of the information requested with the exception of any reports prepared by Jimmy Ledbetter which the court determined to be work product and not discoverable.

Thereafter, in December of 1991, Farm Bureau moved for summary judgment as to Prevette and the amount payable to her under the policy. The trial court determined that David Wingler had an insurable interest in the home of $4000 presumably based upon having paid eight installment payments under the Agreement. The trial court then concluded that Prevette was entitled to the remaining $46,000 under the policy as mortgagee. Farm Bureau also sought but was denied summary judgment against David Wingler on the basis that he had failed to provide his 1989 and 1990 income tax returns as required by the policy.

Two days after Farm Bureau's Motion for Summary Judgment was heard, the Winglers filed a Motion to File Amended Answer, Counterclaim and Third-Party Complaint. The Winglers failed to attach their proposed amendments nor did they assert any specific reasons as to why their motion should be allowed. As a result, the trial court in its discretion denied the motion to amend.

The Winglers gave Notice of Appeal to this Court on 19 February 1992, excepting to the trial court's entry of summary judgment in favor of Prevette, as well as the trial court's denial of their motion to amend. Farm Bureau has also given Notice of Appeal, assigning as error the denial of its motion for summary judgment as to David Wingler.

[1] The essence of the Winglers' first assignment of error is that the trial court erred in not ordering complete disclosure of all

**N.C. FARM BUREAU MUTUAL INS. CO. v. WINGLER**

[110 N.C. App. 397 (1993)]

the documents requested. Before reaching the merits of this issue, we must first determine whether this issue is properly before this Court. Ordinarily orders denying or granting discovery are interlocutory and not appealable unless they affect a substantial right which would be lost if the ruling was not reviewed prior to final judgment. *Dworsky v. The Travelers Ins. Co.*, 49 N.C. App. 446, 271 S.E.2d 522 (1980). However, an order denying discovery is immediately appealable if the discovery sought would not have delayed trial or have caused the opposing party any unreasonable annoyance, embarrassment, oppression or undue burden or expense, and if the information desired is highly relevant to a determination of the critical question to be resolved in the case. *Id.*

In *Travelers*, plaintiffs sought the entire contents of an insurance claim file, but the record in that case failed to disclose what material and relevant evidence was being sought. As a result, this Court held that plaintiffs had failed to show that the information sought was so important to the outcome of the matter as to amount to a substantial right, and dismissed plaintiffs' appeal. We find the facts of this case to be indistinguishable from *Travelers*. In this matter, the Winglers have failed to include in the record the documents which they sought and which the trial court viewed in camera. Without the ability to view these documents for ourselves, it is impossible to determine this issue.

The Winglers have cited *Walker v. Liberty Mut. Ins. Co.*, 84 N.C. App. 552, 353 S.E.2d 425 (1987), in support of their argument that they will be deprived of a substantial right unless they are allowed to appeal. The Winglers' reliance on *Walker* is unfounded. In *Walker* this Court addressed the issue of whether or not an order granting discovery presents an appealable issue. As part of its opinion this Court reasoned that when a discovery order is enforceable by sanctions pursuant to Rule 37(b) then it is considered a final judgment and immediately appealable. *Id.* However, in cases denying discovery, sanctions are not needed and they are only appealable if they affect a substantial right. In the present case there were no sanctions involved and the Winglers have failed to demonstrate a substantial right that will be lost. Therefore, *Walker* is inapplicable.

It is undeniable that the Winglers have met the first part of the *Travelers'* test that the desired discovery would not have delayed trial or caused any undue burden, delay, annoyance or

oppression to Farm Bureau. However the *Travelers'* test for appeal from a discovery order includes a second part, and this is where the Winglers have fallen short. We therefore dismiss the Winglers' first assignment of error as interlocutory.

## II.

**[2]** For their second assignment of error, the Winglers claim the trial court erred when it granted summary judgment in favor of Prevette. More particularly, the Winglers seem to be upset by the division of the insurance proceeds that has resulted.

The Agreement used by the Winglers and Prevette is essentially a long term contract for the sale of land where the vendee buys property on the installment method with the transfer of the deed reserved for later. *Webster's Real Estate Law in North Carolina*, § 138 (3d ed. 1988). *Webster's* states that these long term contracts are often analogous to mortgages and for this reason it is easy to understand why Prevette was listed on the insurance policy as a mortgagee instead of as the owner. Under the installment method of financing, title to the property remains with the vendor, in this case Prevette, until payment is made in full. *Id.*

We have reviewed the language in the Agreement and do not feel that it in any way alters the normal property interests of the parties. Prevette and David Wingler stated in the Agreement that insurance would be carried jointly. They also provided that in the event of a fire or similar loss David Wingler would have the sole decision of whether or not to repair the property or to pay the remaining balance on the property to Prevette. However, the Agreement made no mention of how any insurance proceeds would be divided. Therefore, we are guided by general principles of insurance, as well as the specific terms of the policy.

It is well established in North Carolina that an insurable interest is essential to the validity of an insurance contract, *United States Fidelity & Guaranty Co. v. Reagan*, 256 N.C. 1, 122 S.E.2d 774 (1962), and the extent of a claimant's recovery is typically limited by the policy itself to the claimant's insurable interest. *See Harris v. North Carolina Farm Bureau Mut. Ins. Co.*, 91 N.C. App. 147, 370 S.E.2d 700 (1988). The express terms of the policy here, provided that Farm Bureau would not be liable to David Wingler for more than his insurable interest at the time of the fire. Our courts have defined an insurable interest as one which

"furnishes a reasonable expectation of pecuniary benefit from the continued existence of the subject of the insurance." *Collins v. Quincy Mut. Fire Ins. Co.*, 39 N.C. App. 38, 42, 249 S.E.2d 461, 463 (1978), *aff'd*, 297 N.C. 680, 256 S.E.2d 718 (1979); *see also Jerome v. Great American Ins. Co.*, 52 N.C. App. 573, 279 S.E.2d 42 (1981).

In determining the extent of the Winglers' insurable interest for this appeal, the only portion of the policy which is applicable is the $50,000 coverage on the dwelling, because this is the only portion of the policy to which the trial court granted summary judgment. The Winglers claim that they have an insurable interest in the dwelling by virtue of their possession and claim that the trial court's grant of summary judgment deprives them of that interest. We agree that the Winglers have an insurable interest in the dwelling but we do not agree that the trial court's ruling has deprived them of that interest. Although the Agreement stated that the parties would consider the home to be sold to David Wingler, legal title had not yet passed at the time of the fire. Therefore, if the Winglers acquired any insurable interest in the dwelling structure, it was limited to the amount of equity which they had paid towards the $62,000 purchase price. This is supported by language in C.J.S. which provides:

[A] vendee in possession of real property under a contract for its purchase, although he has not paid the whole of the consideration or performed all the conditions of the sale, has an insurable interest therein, at least to the extent of the amount paid . . . .

44 C.J.S. *Insurance* § 229(b) (1993). At $500 a month for a period of eight months the only equity the Winglers had accumulated in the dwelling was $4000. Based on this calculation the trial court subtracted the $4000 from the total dwelling coverage of $50,000 and granted summary judgment in favor of Prevette for $46,000. Although we feel the proper calculation would have been to determine the percentage $4000 was of $62,000 and then apply this percentage to the policy amount of $50,000, this was an issue for Prevette to appeal and since she is not a party to this appeal we affirm the trial court's grant of summary judgment. The Winglers may still proceed against the remaining $4000 of coverage on the dwelling, the $25,000 coverage on personal property, and the $10,000 of coverage for loss of use if they are not barred for other reasons.

III.

[3]   The Winglers' third assignment of error addresses the proprie-
ty of the trial court's denial of their motion to amend. The denial
of a motion to amend is generally an interlocutory order. *Hudspeth
v. Bunzey*, 35 N.C. App. 231, 241 S.E.2d 119, *disc. rev. denied*,
294 N.C. 736, 244 S.E.2d 154 (1978). However when the trial court's
ruling involves an amendment to an answer to add a compulsory
counterclaim, then the denial is immediately appealable because
it affects a substantial right. *Id.* A counterclaim is considered com-
pulsory if it "arises out of the transaction or occurrence that is
the subject matter of the opposing party's claim . . . ." N.C.G.S.
§ 1A-1, Rule 13(a) (1990). We have reviewed the record and find
the Winglers' counterclaims to be compulsory because they arise
out of the fire and Farm Bureau's subsequent conduct. When a
counterclaim is omitted then leave of court is necessary to add
the counterclaim to the answer by way of an amendment. N.C.S.G.
§ 1A-1, Rule 13(f). The granting or denial of a motion to amend
is directed to the sound discretion of the trial court and is not
reviewable absent a clear showing of abuse of discretion. *House
of Raeford Farms, Inc. v. City of Raeford*, 104 N.C. App. 280,
408 S.E.2d 885 (1991). However, the fact that the Winglers'
counterclaims were compulsory does not effect the discretion of
the trial court in granting or denying the motion to amend. See
*Grant & Hastings, P.A. v. Arlin*, 77 N.C. App. 813, 336 S.E.2d
111 (1985), *disc. rev. denied*, 316 N.C. 376, 342 S.E.2d 894 (1986).

When the Winglers filed their motion to amend, they failed
to file their proposed amended pleadings. At least one prominent
commentator in North Carolina has stated: "A motion to amend
should be accompanied by the proposed new pleading and should
set forth the grounds on which it is based with particularity."
1 Wilson, *North Carolina Civil Procedure* § 15-4 (1989). We find
this to be the preferred practice in this State because without
the proposed pleading the trial court is placed in the difficult posi-
tion of deciding whether leave of court is required, and the review-
ing court is unable to determine whether the trial court abused
its  discretion.

Since we do not have the benefit of the Winglers' proposed
amendments our review of the trial court's decision is quite limited.
In addition the trial court did not state the reasons for its denial
of the Winglers' amendments. We have therefore, in our discretion,

**N.C. FARM BUREAU MUTUAL INS. CO. v. WINGLER**

[110 N.C. App. 397 (1993)]

undertaken an examination of the record for apparent reasons upon which the trial court may have denied the Winglers' motion. *See United Leasing Corp. v. Miller*, 60 N.C. App. 40, 298 S.E.2d 409 (1982), *disc. rev. denied*, 308 N.C. 194, 302 S.E.2d 248 (1983).

[4] We have reviewed all the facts surrounding the Winglers' motion to amend and find ample reasons to support the trial court's denial of their motion. The Winglers sought to add a claim for deceptive and unfair trade practices, but as stated in *Kinnard v. Mecklenburg Fair, Ltd.*, 46 N.C. App. 725, 266 S.E.2d 14, *aff'd*, 301 N.C. 522, 271 S.E.2d 909 (1980), such a claim greatly changes the nature of the defense and increases the stakes of the lawsuit with the possibility of treble damages. Therefore, given that substantial discovery had already taken place and several months had transpired since the Winglers filed their answer, we cannot say that the trial court abused its discretion in denying the Winglers' motion to amend. The Winglers' third assignment of error is overruled.

## IV.

[5] Farm Bureau filed its own appeal assigning as error the trial court's denial of its motion for summary judgment on the basis that David Wingler had not complied with all policy requirements when he failed to supply copies of his tax returns. We note at the outset that the denial of a motion for summary judgment is an interlocutory and nonappealable order. *Iverson v. TM One, Inc.*, 92 N.C. App. 161, 374 S.E.2d 160 (1988). Farm Bureau has obviously recognized the interlocutory nature of its appeal because it also filed a Petition for a Writ of Certiorari urging that it should not be put to the expense of trying this case. We see no difference between Farm Bureau's case and any other case where summary judgment has been denied. We deny Farm Bureau's petition and dismiss its appeal as interlocutory.

The decision of the trial court is hereby,

Affirmed.

Judges JOHNSON and JOHN concur.