ELIZABETH VANCE, Plaintiff-Appellant v. WILEY T. BOOTH, INCOR-
PORATED, Defendant-Appellee

No. 924SC902

(Filed 16 November 1993)

1. **Estoppel § 14 (NCI4th)— house transferred by plaintiff to mother — notice to insurer — fire damage — no insurable interest — equitable estoppel inapplicable**

Equitable estoppel was not applicable in an action to recover on a policy of fire insurance where defendant agency claimed that plaintiff had no insurable interest in the property in question; plaintiff alleged that defendant knew that plaintiff had transferred the house in question to her mother; plaintiff continued to pay premiums; and the policy did not mention that transfer of the property terminated her insurable interest.

**Am Jur 2d, Estoppel and Waiver §§ 134-153.**

**Comment Note — Quantum or degree of evidence necessary to prove an equitable estoppel. 4 ALR3d 361.**

2. **Insurance § 728 (NCI4th)— house damaged by fire — no insurable interest in plaintiff**

Plaintiff did not have an insurable interest in a house which was damaged by fire where she neither owned nor lived in it or otherwise possessed it, and she therefore did not suffer a pecuniary loss because of the fire.

**Am Jur 2d, Insurance § 938 et seq.**

**Insurer's waiver of, or estoppel to assert, lack of insurable interest in property insured under fire policy. 91 ALR3d 513.**

Appeal by plaintiff from judgment entered 8 June 1992 by Judge Franklin R. Brown in Duplin County Superior Court. Heard in the Court of Appeals 1 September 1993.

*Thompson & Ludlum, by E.C. Thompson, III, for plaintiff-appellant.*

*Clark, Newton & Hinson, by Reid G. Hinson, for defendant-appellee.*

**VANCE v. WILEY T. BOOTH, INC.**

[112 N.C. App. 600 (1993)]

LEWIS, Judge.

Plaintiff filed a complaint against defendant insurance agency on 26 June 1991 alleging entitlement to fire insurance coverage under a policy issued by defendant. Plaintiff now appeals from summary judgment entered in favor of defendant on 8 June 1992. We affirm on the basis that plaintiff has not shown that she had an insurable interest in the property destroyed by the fire.

The facts are undisputed. On 6 August 1989 plaintiff obtained a fire insurance policy from defendant agency covering a house then owned by plaintiff on Grant Street in Beulaville, North Carolina (the "Grant Street property"). In December 1989 plaintiff divorced her husband and decided to purchase another home. According to plaintiff, because she could not obtain a loan secured by the Farmers Home Administration ("FHA") if she continued to own the Grant Street property, plaintiff deeded that property to her mother at the time the new property was deeded to plaintiff. Plaintiff informed defendant of the transfer of title to her mother, and obtained a new insurance policy on her new home from defendant. Defendant never changed the name on the Grant Street policy to include plaintiff's mother, however. In February 1990 the Grant Street property burned. Defendant denied plaintiff's claim for coverage, explaining that plaintiff had no insurable interest in the property because it was owned by her mother at the time of the fire, and that there was suspicion of arson.

On appeal from summary judgment in favor of defendant, plaintiff argues that defendant should be equitably estopped from denying coverage. Alternatively, plaintiff maintains that she had an insurable interest in the property.

Summary judgment is appropriate when there are no genuine issues of material fact and a party is entitled to judgment as a matter of law. N.C.G.S. § 1A-1, Rule 56(c) (1990). There are no genuine issues of material fact in this case, and we agree with the trial court that defendant is entitled to judgment as a matter of law.

[1] The first issue before us is whether or not equitable estoppel applies to the facts of this case. Plaintiff argues that defendant should be equitably estopped from denying coverage because defendant knew of the title transfer, failed to change the name on the policy, and continued to accept premiums from plaintiff for

the Grant Street property coverage. Plaintiff argues defendant had a duty to advise her regarding her insurance coverage, and that plaintiff rightfully relied on the coverage after paying the premium and disclosing all the facts to defendant. Plaintiff contends defendant made a representation of coverage by accepting the premium and allowing the policy to remain in her name after being informed of the title change. Plaintiff notes that the policy does not mention that transfer of the property terminates her insurable interest. Thus, she claims she reasonably relied upon the insurance coverage, and should be entitled to the proceeds.

Plaintiff has not supplied us with any caselaw or other authority to support this argument, and we have found nothing to indicate that defendant should be estopped from denying coverage. In an analogous case, an insurance agency had been informed of a transfer of title from a son to his parents, but the agency made no record of the title change and the insurance policy remained in the son's name. The insurance agency denied the parents' claim for coverage, arguing that parents were not covered under the policy and also noting that the son had no insurable interest in the property. The trial court granted summary judgment for the agency, and this Court affirmed. There was no mention of estoppel even though the agency knew of the title change. *Pressley v. American Cas. Co.*, 14 N.C. App. 561, 188 S.E.2d 734, *cert. denied*, 281 N.C. 623, 190 S.E.2d 466 (1972). We conclude that equitable estoppel is not applicable to the case at hand.

[2] The second issue is whether or not plaintiff had an insurable interest in the Grant Street property. An insurable interest is "essential to the validity of an insurance contract." *N.C. Farm Bureau Mut. Ins. Co. v. Wingler*, 110 N.C. App. 397, 402, 429 S.E.2d 759, 763, *disc. rev. denied*, 334 N.C. 434, 433 S.E.2d 177 (1993). Our courts have defined an insurable interest as "one which 'furnishes a reasonable expectation of pecuniary benefit from the continued existence of the subject of the insurance.'" *Id.* at 402-03, 429 S.E.2d at 763 (quoting *Collins v. Quincy Mut. Fire Ins. Co.*, 39 N.C. App. 38, 42, 249 S.E.2d 461, 463 (1978), *aff'd*, 297 N.C. 680, 256 S.E.2d 718 (1979)). Also, an insurable interest exists if the occurrence of the peril insured against would cause a named insured to suffer a pecuniary loss. *Jerome v. Great American Ins. Co.*, 52 N.C. App. 573, 578, 279 S.E.2d 42, 45 (1981); *Harris v. N.C. Farm Bureau Mut. Ins. Co.*, 91 N.C. App. 147, 370 S.E.2d 700 (1988). Title to property is not determinative as to the existence

## VANCE v. WILEY T. BOOTH, INC.

[112 N.C. App. 600 (1993)]

of an insurable interest in that property absent a specific condition in the policy. *See Jerome*, 52 N.C. App. at 578, 279 S.E.2d at 45 (lack of ownership does not void policy if no "sole and unconditional ownership clause"); *Pressley*, 14 N.C. App. at 562, 188 S.E.2d at 736 (title alone not enough for recovery); *Harris*, 91 N.C. App. at 151-52, 370 S.E.2d at 703 (lessee has an insurable interest if would suffer pecuniary loss). The issue before us, then, is whether plaintiff suffered a pecuniary loss from the destruction by fire of the Grant Street property even though plaintiff did not hold title to the property at the time of the fire.

If a named insured has possession and the use and enjoyment of the property in question, our courts have allowed recovery even though the named insured is not the title owner to the property. For example, in *Jerome v. Great American Insurance Company*, 52 N.C. App. 573, 279 S.E.2d 42 (1981), this Court held that the named insured, who did not have title to the property in question, suffered a pecuniary loss because he had been using the property as a personal residence for himself and his family at the time of the fire. *Id.* at 578, 279 S.E.2d at 45. In *Jerome*, the named insured had deeded the property to a bank to secure a promissory note. The Court also noted that a grantor retains an insurable interest in property conveyed if the grantor remains personally liable on a debt secured by that property. *Id.*

In *King v. National Union Fire Insurance Company*, 258 N.C. 432, 128 S.E.2d 849 (1963), this Court noted that an equitable interest can constitute an insurable interest. *Id.* at 435, 128 S.E.2d at 852. In that case plaintiff's father informed the insurance agency of his intention to transfer title to plaintiff, who had possession of the property, and the agency accordingly changed the name on the insurance policy to plaintiff's name. However, the father died without conveying the land to plaintiff, thus title remained in the father's name while the insurance policy was in plaintiff's name. *Id.* at 433, 128 S.E.2d at 850. This Court held that plaintiff had an insurable interest, and allowed plaintiff to collect under the policy, explaining that plaintiff had the exclusive use, possession and enjoyment of the house and property, that plaintiff was therefore the beneficial and equitable owner, and that there were no other assertions of title to the house and property. The Court noted that plaintiff enjoyed pecuniary benefit from the house while it existed and suffered pecuniary loss when it was destroyed. *Id.* at 437, 128 S.E.2d at 853.

The facts in the case at hand do not indicate that plaintiff has an insurable interest. Unlike the situations in the cases discussed above, although plaintiff is the named insured under the policy, plaintiff did not have the use, possession or enjoyment of the Grant Street property at the time of the fire. She had moved her family and possessions to a new home, and the Grant Street property was vacant at the time of the fire. Furthermore, there is no indication, as in *Jerome*, that plaintiff remained personally liable on a debt secured by the Grant Street property. We find that plaintiff did not suffer a pecuniary loss when a house she neither owned nor lived in nor otherwise possessed was damaged by fire. In her brief plaintiff mentions that she may have to pay for repairs and that this constitutes a pecuniary loss. However, as defendant points out, there is nothing in the record which supports this assertion.

Because plaintiff lacked an insurable interest in the property in question, we hereby affirm summary judgment in favor of defendant.

Affirmed.

Judges EAGLES and GREENE concur.