■ RALPH VENDRIESCO et al., Doing Business as SUNDOWN LOUNGE, Appellants, v AETNA CASUALTY & SURETY COMPANY, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered September 8, 1977 in Greene County, which denied plaintiffs' motion to dismiss defendant's second affirmative defense. The issue to be resolved on this appeal is the extent of the insurable interest on improvements to real property made by a lessee in possession with an option to purchase. Plaintiffs operated a motel and restaurant under a lease running from September 3, 1975 to September 30, 1976, with an option to buy if they so exercised that option in writing prior to the expiration date of the lease. During the term they had made improvements in the sum of approximately $15,000 and had obtained from defendant a policy of fire insurance which, among other things, covered "betterments and improvements" made by the insured. However, this coverage contained a clause providing that in the event the betterments and the improvements were not repaired or replaced within a reasonable time after a loss, the insured could collect only that portion of the original cost of the damaged or destroyed items which the unexpired term of the lease at the time of the loss bears to the period from the date of the betterments and improvements to the termination date of the lease. On September 7, 1976 a fire substantially destroyed the leased premises. Neither the plaintiffs nor the lessor repaired or replaced any of the betterments or improvements after the fire. Accordingly, defendant applied the formula contained in the policy and contended that any recovery for the betterments and improvements must be limited to 23/365 of their original cost, and so

asserted as an affirmative defense in its answer to the complaint herein which sought full reimbursement for the loss. Plaintiffs argued that their position as lessees with an option to purchase cast them in the same position as contract purchasers in possession with a full insurable interest and moved to have defendant's affirmative defense dismissed. Special Term disagreed with plaintiffs' contention and this appeal ensued. There must be an affirmance. The language of the policy providing for the limiting formula is clear and unambiguous on its face. At the time of the loss, plaintiffs had no rights other than those of a lessee in possession with an unexercised right to purchase. Measuring their rights at that time, as we must *(Whitestone Sav. & Loan Assn. v Allstate Ins. Co.,* 28 NY2d 332; *Alexandra Rest. v New Hampshire Ins. Co. of Manchester,* 272 App Div 346, affd 297 NY 858), it is clear that their recovery should be limited to their unexpired "use interest" in the betterments and improvements. As lessees with an unexercised option to purchase, they never achieved the status of a contract vendee or any other that would place them beyond the reach of the contractual limitation (see *Trumbull v Bombard,* 171 App Div 700, 706, affd 225 NY 638). Order affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Main and Mikoll, JJ., concur.