JAMES D. CARDWELL AND WIFE, ELVA R. CARDWELL, J. V. BODENHEIMER AND WIFE, PEGGY BODENHEIMER, A. LEOLIN SELLS AND WIFE, NAOMI W. SELLS, ROBERT F. LINVILLE AND WIFE, BARBARA C. LINVILLE, RONALD R. SMITH AND WIFE, M. D. SMITH, ADA S. FRYE AND HUSBAND, LOFTEN FRYE, AND PEARL S. SELLS, WIDOW, ON BEHALF OF THEMSELVES AND OTHER LANDOWNERS SIMILARLY SITUATED IN THE IMMEDIATE SURROUNDING AREA v. FORSYTH COUNTY ZONING BOARD OF ADJUSTMENT; GEORGE D. BINKLEY, JR., ROBERT H. COLLEY, HOWARD L. WILSON, DEWEY D. SHROPSHIRE, AND IRVING NEAL, MEMBERS OF THE FORSYTH COUNTY ZONING BOARD OF ADJUSTMENT; AUBREY SMITH, ZONING OFFICER AND SECRETARY TO THE FORSYTH COUNTY ZONING BOARD OF ADJUSTMENT; FORSYTH COUNTY; SALEM STONE COMPANY, WILLIAM E. AYERS, JR.; AND MARTIN MARIETTA CORPORATION D/B/A MARTIN MARIETTA AGGREGATES, AN OPERATING UNIT OF MARTIN MARIETTA CORPORATION, AND MARTIN MARIETTA AGGREGATES

No. 8721SC578

(Filed 22 December 1987)

1. Counties § 5.2— special use permit—majority vote—valid

A majority vote of the Forsyth County Zoning Board of Adjustment granting a special use permit was all that was necessary under the Forsyth County Zoning Ordinance because N.C.G.S. § 153A-345(e), requiring a four-fifths vote, did not clearly show a legislative intent to repeal or supersede the local act already in effect. N.C.G.S. § 153A-3.

2. Counties § 5.2— special use permit—county's rules of procedure not followed

A superior court order affirming the granting of a special use permit by the county zoning board of adjustment was remanded where the county board of adjustment's rules required that the record state in detail any facts supporting findings required to be made prior to the issuance of a special use permit, required certain affirmative findings, and required the chairman to summarize the evidence and give the parties an opportunity to make objections or corrections. The reading into the minutes by the secretary of the four standards required by the ordinance, the members' explanation for the record of what they considered important, and a 257-page transcript were not sufficient.

APPEAL by plaintiffs from *Albright, Judge.* Judgment entered 12 February 1987 and order entered 10 February 1987 in Superior Court, FORSYTH County. Heard in the Court of Appeals 2 December 1987.

The record discloses the following:

On 21 August 1986, Salem Stone Company applied for a special use permit to operate a quarry on its property in a rural residential and agricultural area of Forsyth County. On 11 September 1986, a hearing was held before the Winston-Salem/Forsyth County Planning Board regarding the site plan. Upon motion by plaintiffs, the Planning Board removed the application from the consent docket, but refused to rule on plaintiffs' motion to continue the hearing or to delay or deny approval of the site plan. The Planning Board approved the site plan subject to several additional conditions.

A hearing was held before the Forsyth County Zoning Board of Adjustment on 7 October 1986. Both the plaintiffs and Salem Stone Company presented evidence at the hearing. At the close of the hearing, the Zoning Board voted on Salem Stone Company's application. Three of the five members voted to approve the special use permit, and two voted to disapprove.

On 5 November 1986, plaintiffs filed a petition for writ of certiorari with the Superior Court of Forsyth County, seeking review of the Zoning Board's decision to grant Salem Stone Company a special use permit. Prior to a hearing on the petition, on 26 November 1986, plaintiffs filed a declaratory judgment action in Superior Court of Forsyth County, asking that the majority vote of the Zoning Board be reversed and a permanent injunction issued to restrain all Forsyth County governmental units from issuing any permits regarding the proposed quarry site. Both of plaintiffs' actions were heard on 26 January 1986. The trial judge dismissed both actions with prejudice and appeal was taken from both orders.

*Hutchins, Tyndall, Doughton & Moore, by Thomas W. Moore, Jr., and Thomas G. Taylor, for plaintiffs, appellants.*

*Office of the Forsyth County Attorney, by P. Eugene Price, Jr., and Jonathan V. Maxwell, for Members of the Forsyth County Board of Adjustment; Aubrey Smith, Zoning Officer and Secretary to the Forsyth County Zoning Board of Adjustment; and Forsyth County, and Petree Stockton & Robinson, by Ralph M. Stockton, Jr., Richard E. Glaze, Jeffrey C. Howard, and Stephen R. Berlin, for Salem Stone Company, William E. Ayers, Jr., and Martin Marietta Corporation, defendants, appellees.*

HEDRICK, Chief Judge.

We point out that plaintiffs have raised no questions on appeal regarding their claim for a declaratory judgment, thus the dismissal of the claim for declaratory judgment will be affirmed.

[1] Plaintiffs first argue the superior court committed "reversible error in determining that the three-two vote of the Forsyth County Zoning Board of Adjustment constituted approval" of Salem Stone Company's application for a special use permit. They contend that G.S. 153A-345(e) requires the Zoning Board to allow special use permits only when there has been a four-fifths majority vote of the Board. While G.S. 153A-345(e) does mandate a four-fifths vote in order to decide in favor of a special use permit applicant, the statute is not applicable here.

In 1947, the North Carolina General Assembly enacted Chapter 677 of the 1947 Session Laws. Chapter 677 gives Forsyth County the power to adopt ordinances and resolutions for zoning and other land regulation. Sections 32 through 34 specifically provide for the creation of a County Board of Adjustment and set forth its powers and duties. Section 33 of Chapter 677 of the 1947 Session Laws states:

Upon appeals the Board of Adjustment shall have the following powers:

(1). To hear and decide appeals where it is alleged by the appellant that there is error in any order, requirement, decision or refusal made by an administrative official or agency based on or made in the enforcement of the zoning resolution.

(2). To hear and decide, in accordance with the provisions of any such resolution, requests for special exceptions or for interpretation of the map or for decisions upon other special questions upon which such Board is authorized by any such resolution to pass.

Section 33 further states:

The concurring vote of a majority of the members of the Board shall be necessary to reverse any order, requirement, decision or determination of any such administrative official or agency or *to decide in favor of the appellant* (emphasis added).

Pursuant to Chapter 677 of the 1947 Session Laws, Forsyth County enacted a zoning ordinance. The Forsyth County Zoning Ordinance is consistent with Chapter 677 and Section 23-14(D.)(4.) provides:

*Majority Vote.* The concurring vote of a majority of the members of the Board of Adjustment shall be necessary to reverse any order, requirement, decision, or determination of any administrative official or agency, to decide in favor of an appellant, or to pass upon any other matter on which it is required to act under this ordinance.

The Forsyth County Zoning Board of Adjustment, pursuant to Chapter 677, Section 32, enacted supplemental rules of procedure. These rules also provide for a majority vote in order to decide in favor of an applicant. Forsyth County Zoning Board of Adjustment, Rules of Procedure, IV.C. These Forsyth County ordinances and rules uniformly provide for a majority vote and are consistent with Chapter 677 of the 1947 Session Laws. Section 33 clearly categorizes applications or requests for "special exceptions" as "appeals." The term "appellant" is used generically to refer to any person who makes a request to the Zoning Board of Adjustment, and the Board is authorized to require a "concurring vote of a majority of the members of the Board" when deciding upon such requests.

G.S. 153A-345 does nothing to change the Forsyth County Zoning Ordinance. G.S. 153A-3 provides:

(a) Except as provided in this section, nothing in this Chapter repeals or amends a local act in effect as of January 1, 1974,

or any portion of such an act, unless this Chapter or a subsequent enactment of the General Assembly clearly shows a legislative intent to repeal or supersede that local act.

(b) If this Chapter and a local act each provide a procedure that contains every action necessary for the performance or execution of a power, right, duty, function, privilege, or immunity, the two procedures may be used in the alternative, and a county may follow either one.

The Forsyth County Zoning Ordinance was enacted and in effect as of 4 April 1967, well before 1 January 1974, as provided by G.S. 153A-3. G.S. 153A-345(e) changes the majority vote previously mandated to a four-fifths vote but does not clearly show a legislative intent to repeal or supersede the local act already in effect. The majority vote of the Forsyth County Zoning Board of Adjustment on 7 October 1986 granting Salem Stone Company's request for a special use permit was all that was necessary to approve of the application under the Forsyth County Zoning Ordinance.

[2]   Plaintiff next contends the superior court committed reversible error in upholding a decision of the Forsyth County Zoning Board of Adjustment that was reached in violation of the Board's own required procedures. A court when reviewing a decision of a zoning board of adjustment on a special use permit application must:

(1) Review the record for errors in law,

(2) Insure that procedures specified by law in both statute and ordinance are followed,

(3) Insure that appropriate due process rights of a petitioner are protected including the right to offer evidence, cross-examine witnesses, and inspect documents,

(4) Insure that decisions of town boards are supported by competent, material and substantial evidence in the whole record, and

(5) Insure that decisions are not arbitrary and capricious.

*Coastal Ready-Mix Concrete Co., Inc. v. Board of Commissioners,* 299 N.C. 620, 265 S.E. 2d 379 (1980). In *Humble Oil & Refining*

*Company v. Board of Aldermen*, 284 N.C. 458, 467, 202 S.E. 2d 129, 135 (1974), the Supreme Court stated:

> . . . [I]n passing upon an application for a special permit, a board of aldermen may not violate at will the regulations it has established for its own procedure; it must comply with the provision of the applicable ordinance.

Forsyth County Zoning Board of Adjustment Rule of Procedure V.E.2.(B), adopted by the Board on 19 June 1985, states, "Where a special use permit is granted, the record shall state in detail any facts supporting findings required to be made prior to the issuance of a permit." Rule of Procedure V.D.3.(E) states, "The chairman shall summarize the evidence which has been presented, giving the parties an opportunity to make objections or corrections. . . ."

The record before us discloses that at the beginning of the 7 October 1986 meeting of the Zoning Board the secretary read aloud into the minutes the four standards that Forsyth County Zoning Ordinance Section 23-15(A)(2)(c) requires to be met before the Zoning Board can approve a special use permit.

Section 23-15(A)(2)(c) states, "The Board of Adjustment shall issue a special use permit only when the Board makes an affirmative finding as follows:

> (i) that the use will not materially endanger the public health or safety if located where proposed and developed according to the application and plan as submitted and approved,

> (ii) that the use meets all required conditions and specifications,

> (iii) that the use will not substantially injure the value of adjoining or abutting property, or that the use is a public necessity, and

> (iv) that the location and character of the use, if developed according to the application and plan submitted and approved, will be in harmony with the area in which it is to be located and in general conformity with the plan of development of Forsyth County and its environs."

The record further discloses that after all the evidence was heard, the Chairman stated that "[t]he Board members will be asked one at a time to give an opinion on how they feel . . . ," whereupon each member attempted to explain his opinion and what evidence he thought was important. Thereafter, a vote was taken and three out of five members voted to grant the special use permit, while two voted to deny it. The Zoning Board did not make the findings of fact as required by their Rule of Procedure V.E.2.(B), and the chairman did not summarize the evidence presented and give the parties an opportunity to object or to make corrections as required by their Rule of Procedure V.D.3.(E). The mere reading into the minutes by the secretary of the four standards required by the Forsyth County Zoning Ordinance in order to grant the special use permit and the Zoning Board members' explanation for the record of what they considered important is not sufficient compliance with the rules of procedure that "the record shall state in detail any facts supporting findings required to be made prior to the issuance of a permit," and "[t]he Chairman shall summarize the evidence which has been presented, giving the parties an opportunity to make objections or corrections. . . ." It is not enough, as respondents argue, for the transcript, consisting of 257 pages, to be "replete with detailed facts which support the decision of the majority of the Board that the four criteria in the ordinance were satisfied."

Under the circumstances of this case it is impossible for there to be meaningful appellate review to determine whether the Zoning Board made the requisite findings to grant the special use permit. Thus the order of the superior court affirming the Zoning Board's decision must be reversed, and the cause remanded to superior court for further remand to the Forsyth County Zoning Board of Adjustment for the Zoning Board to conduct its business with respect to the application of the special use permit in accordance with its own rules of procedure, if it chooses, from the record before it.

Affirmed in part, reversed and remanded in part.

Judges MARTIN and GREENE concur.