MARVIN J. HARRIS v. NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE CO.

No. 872SC461

(Filed 16 August 1988)

1. **Insurance § 126— fire insurance—material misrepresentation as to ownership —misrepresentation knowingly and willfully made—findings required**

    Where plaintiff clearly made a false representation of ownership to defendant after a fire, and the representation was material, the trial court was required to make findings and conclusions as to whether plaintiff knowingly and willfully made the false statements following the fire and thus whether the insurance policy issued by defendant was voided. N.C.G.S. § 158-76(c).

2. **Insurance § 131— fire insurance—premises leased with option to buy—improvements made by insured—computation of loss**

    In an action to recover on a fire insurance policy where plaintiff leased a house with an option to purchase and made improvements thereon, the unexercised option to purchase was a mere expectancy and did not qualify as an insurable interest; the improvements were to become part of the real estate and were to be treated as additional rent at the end of the lease term so that plaintiff had less than an absolute interest in the improvements; plaintiff therefore was entitled to recover the value of the use of the house, including the use of the improvements made by plaintiff for a period of time corresponding to the unexpired term of the lease; and the trial court erred in awarding plaintiff the exact cost of the improvements made by him to the property.

APPEAL by defendant from *Llewellyn (James D.), Judge.* Judgment entered 12 February 1987 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 17 November 1987.

Harris v. N.C. Farm Bureau Mutual Ins. Co.

*Rodman, Holscher, Francisco & Peck, P.A., by David C. Francisco, for plaintiff-appellee.*

*Baker, Jenkins & Jones, P.A., by Ronald G. Baker and W. Hugh Jones, Jr., for defendant-appellant.*

GREENE, Judge.

Defendant appeals from a judgment of the trial court ordering it to pay $17,723.98 to plaintiff for fire damage to a house insured by the defendant. The matter was tried before the trial judge sitting without a jury.

The undisputed evidence tends to show that on 4 January 1985, plaintiff leased certain property for a period of two years with an option to purchase. On 25 March 1985, plaintiff obtained a standard fire insurance policy from defendant insuring the house in the amount of $25,000. The policy conformed in all respects to N.C.G.S. Sec. 58-176 (1982). Plaintiff paid all premiums. On 26 September 1985, the house was destroyed by fire. At the time of the fire, plaintiff had not purchased the property but had expended approximately $17,723.98 on repairs to a house located on the property. After the fire, plaintiff gave a written statement to an adjuster for defendant in which he stated he had purchased the property in January 1985. The record indicates that as of 2 February 1987, the date of the trial, plaintiff continued to lease the properties and has never purchased them.

In its answer, defendant alleged misrepresentations of material facts both prior to the issuance of the policy and after the fire which it contends voided the policy. After hearing evidence from both sides, the trial court concluded plaintiff at no time concealed any material facts from defendant and awarded plaintiff $17,723.98.

---

The issues presented are: I) whether the plaintiff's representation of his interest in the property voided the policy of insurance; and II) whether the court erred in awarding plaintiff $17,723.98 in damages.

I

[1]  N.C.G.S. Sec. 158-76(c) provides in pertinent part that the entire fire insurance policy is void if,

. . . whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.

Our Supreme Court has held that to void a fire insurance policy, the insurer must prove the insured knowingly and willfully made statements that were false and material. *Bryant v. Nationwide Mut. Fire Ins. Co.*, 313 N.C. 362, 370, 329 S.E. 2d 333, 338 (1985).

Defendant pled in its answer and now argues on appeal that the policy is void because of material misrepresentations made to it after the fire loss. Since the issue of whether plaintiff willfully and knowingly made a material misrepresentation was joined in the pleadings, the trial judge, sitting as fact finder, was required to find the facts on this issue, declare conclusions of law from the facts found and enter a judgment accordingly. *Coggins v. City of Asheville*, 278 N.C. 428, 434, 180 S.E. 2d 149, 153 (1971); *see* N.C.G.S. Sec. 1A-1, Rule 52(a) (1983).

The trial judge entered the following pertinent findings of fact:

. . . .

2. That the plaintiff in this action, Marvin J. Harris, is married to Mary Ann Harris, who assists her husband in a farming operation.

3. That pursuant to the plaintiff's request his wife, Mary Ann Harris, traveled to the defendant's place of business in Washington, North Carolina on or about the 25th day of March, 1987 [sic] to secure dwelling insurance on a farm structure which was located on a farm owned by Don Nobles and his mother, Cassie Nobles.

4. That on the date of March 25, 1985 the plaintiff was not the owner of the property which was the subject of this insurance policy.

. . . .

7. That the application for insurance was not executed by the plaintiff, Marvin J. Harris, but his signature was affixed thereto by defendant's agent, Lloyd Tippett.

8. That defendant's agent Tippett was never told by Marvin Harris upon application for the insurance in question that they were the owners of the property.

9. That plaintiff paid the premium for said insurance policy and said policy of insurance was issued by the defendant.

10. That the plaintiff had caused the property in question to be renovated extensively at an expense of $17,723.98.

. . . .

The trial court's judgment contained no findings of fact or conclusions of law on the issue of whether plaintiff's written post-loss statement of his interest was a willful concealment or willful misrepresentation of material fact. North Carolina Rule 52(a)(1) is similar to Federal Rule 52(a) and therefore this Court may use the federal courts' interpretations of the rule for guidance. *See Whitaker v. Earnhardt*, 289 N.C. 260, 221 S.E. 2d 316 (1976). When a trial court fails to make findings or conclusions when they are required, the appellate court "may order a new trial or allow additional evidence to be heard by the trial court or leave it to the trial court to decide whether further findings should be on the basis of the existing record or on the record as supplemented." C. Wright & A. Miller, *Federal Practice and Procedure* Sec. 2577 at 698 (1971) (citing federal cases). However, a remand to the trial court is not necessary if the facts are not in dispute and if only one inference can be drawn from the undisputed facts. *See id.* at 701; *see also Gulf Towing Co. v. Steam Tanker Amoco, N.Y.*, 648 F. 2d 242, 245 (1981) (where trial judge failed to make adequate findings of fact remand is not required "if a complete understanding of the issues is possible in the absence of separate findings and if there is a sufficient basis for the appellate court's consideration of the merits of the case").

It is not disputed that plaintiff gave a written statement to the defendant's adjuster in which he said he "purchased the house" and that the total cost of the land and house was "$262,500." Furthermore, neither party disputes that plaintiff did

not own the land or house on the date the policy was issued or on the date of the fire. Therefore, the representation of ownership made by plaintiff to defendant after the fire was clearly false. This false representation was material since the information relating to the ownership of the house directly affects the amount of the loss as the policy provided coverage to the extent of "the interest of the insured."

However, whether plaintiff willfully and knowingly made the false representations of material facts is a matter of dispute. A willful misrepresentation is a statement made "deliberately and intentionally knowing it to be false." *Bryant*, 313 N.C. at 374, 329 S.E. 2d at 340. Plaintiff asserts he did not intend to defraud the insurer and that he was "ignorant of how I should have explained everything" to the defendant. The plaintiff further testified he had no "intent to hoodwink" the insurer and that he only wanted to insure the property to "protect all [the] money" he had expended on repairing the house. Additionally, in applying for the insurance, plaintiff never told defendant he owned the property.

From the record before us, we are unable to determine whether plaintiff's misrepresentations to defendant were willful and knowing. *See* 5A J. Appleman, *Insurance Law and Practice* Sec. 3592 at 621 (1970) (citing case where insured claimed in proof of loss that he owned the fee when in fact he owned only an insurable interest by virtue of being an heir—court found a question of fact existed as to fraud on insured's part). Accordingly, as these issues are questions of fact not yet determined by the trial court, we remand with instructions for the trial judge to make findings and conclusions on the issue of whether plaintiff knowingly and willfully made the false statements following the fire. If necessary for a full determination of the issue, the trial judge may allow additional evidence on whether plaintiff's false representations were willfully and knowingly made.

II

[2] Should the trial judge determine plaintiff did not willfully and knowingly make a material misrepresentation, it will be necessary to determine the amount of the award due plaintiff. As lessee, plaintiff did have an insurable interest in the premises. *See King v. National Union Fire Ins. Co.*, 258 N.C. 432, 434, 128 S.E. 2d 849, 852 (1963) (person has insurable interest if he is so con-

nected to the property that he would suffer pecuniary loss from its destruction). Defendant contends the award of $17,723.98 is excessive and does not reflect the value of plaintiff's interest in the property. The policy provides that the amount of coverage available to the plaintiff may not in any event exceed plaintiff's interest in the property. Property insurance is a contract of indemnity, 3 *Couch on Insurance 2d* Sec. 24:12 at 33 (M. Rhodes rev. ed. 1984), and plaintiff is entitled to recover only for his actual loss as determined at the time of the fire. *See Sprouse v. North River Ins. Co.*, 81 N.C. App. 311, 318-19, 344 S.E. 2d 555, 560-61, *disc. rev. denied*, 318 N.C. 284, 348 S.E. 2d 344 (1986).

At the time of the fire, the twenty-four month lease was into its ninth month. The lease granted the plaintiff the option to purchase the properties and the right to make improvements. The lease further provided that if the plaintiff did not purchase the property, "all improvements and repairs shall be considered a part of the real estate and taken" as additional rent. Plaintiff contends that in valuing his insurable interest, we should consider the length of the unexpired term of the lease, the option to purchase the property and the improvements made to the property.

The unexercised option to purchase was a mere expectancy and does not qualify as an insurable interest. *See Allstate Ins. Co. v. Thompson*, 164 Ga. App. 508, 510, 297 S.E. 2d 520, 522 (1982); *Travelers Indemnity Co. v. Duffy's Little Tavern, Inc.*, 478 So. 2d 1095, 1096 (Fla. App. 5th Dist. 1985), *rev. denied*, 488 So. 2d 68 (1986); *Vendriesco v. Aetna Cas. & Surety Co.*, 68 A.D. 2d 946, 414 N.Y.S. 2d 64, 65 (1979); *Christ Gospel Temple v. Liberty Mut. Ins. Co.*, 273 Pa. Super. 302, 309, 417 A. 2d 660, 663 (1979), *cert. denied sub nom.; Presbyterian Church of Harrisburg v. Liberty Mut. Ins. Co.*, 449 U.S. 955, 101 S.Ct. 362, 66 L.Ed. 2d 220 (1980); *Erie-Haven, Inc. v. Tippmann Refrigeration Const.*, 486 N.E. 2d 646, 650 (Ind. App. 3d Dist. 1985).

Since improvements were to become part of the real estate and were to be treated as additional rent at the end of the lease term, plaintiff had less than an absolute interest in the improvements. As such, plaintiff as lessee, is entitled to recover the value of the use of the house, including the use of the improvements made by plaintiff for a period of time corresponding to the unexpired term of the lease. *See Ingold v. Phoenix Assurance Co.*,

230 N.C. 142, 146, 52 S.E. 2d 366, 369 (1949); *see also Vendriesco,* 68 A.D. 2d at 947, 414 N.Y.S. 2d at 65; *see generally* Annotation, *Improvements and Betterments Insurance,* 97 A.L.R. 2d 1243, 1251-54 (1964).

The trial court determined the lessee was entitled to $17,723.98, which represents the exact cost of the improvements made by the lessee to the properties. The findings of fact entered by the trial court indicate it considered only the costs of the improvements in its award. In the event the damage issue is reached on remand, the damages are to be determined by the trial court by fixing plaintiff's loss of use of the house and its improvements for the period corresponding to the unexpired lease term. The trial court in its discretion may consider additional evidence on this issue as well.

Vacated and remanded.

Judges BECTON and PHILLIPS concur.