Cardwell v. Smith

JAMES D. CARDWELL AND WIFE, ELVA A. CARDWELL, J. V. BODENHEIMER AND WIFE, PEGGY BODENHEIMER, A. LEOLIN SELLS AND WIFE, NAOMI W. SELLS AND ROBERT F. LINVILLE AND WIFE, BARBARA C. LINVILLE, RONALD R. SMITH AND WIFE, M. D. SMITH, ADA S. FRYE, AND PEARL S. SELLS, PLAINTIFFS v. AUBREY SMITH, ZONING OFFICER AND SUPERINTENDENT OF INSPECTIONS OF FORSYTH COUNTY, SALEM STONE COMPANY, WILLIAM E. AYERS, JR., MARTIN-MARIETTA CORPORATION D/B/A MARTIN-MARIETTA AGGREGATES, AN OPERATING UNIT OF MARTIN-MARIETTA CORPORATION, DEFENDANTS

No. 8821SC280

(Filed 30 December 1988)

1. Municipal Corporations § 30.6 — special use permit granted — earlier appeal to Court of Appeals — purpose of remand clarified

A 3-2 vote of the Forsyth County Zoning Board, which was affirmed by the Court of Appeals in Cardwell v. Forsyth County Zoning Bd. of Adjustment, 88 N.C. App. 244, resulted in the formal issuance of a special use permit for the operation of a quarry, and remand by this Court in that action was for the purpose of requiring the Zoning Board to follow its procedure and prepare a summary of the evidence heard at the initial hearing and set out findings of fact to support its grant of the special use permit.

2. Municipal Corporations §§ 30.6, 30.8 — amended zoning ordinance — applicability to defendants — validity of special use permit determinative

Whether an amended zoning ordinance applied to defendants to preclude them from receiving building permits or whether defendants were entitled to building permits by virtue of the special use permit granted by the Zoning Board prior to amendment of the ordinance can be decided only after a final determination of the validity of the special use permit originally granted; therefore, the trial court erred in granting summary judgment for defendants based on its conclusion that the ordinance did not apply.

APPEAL by plaintiffs from Walker (Ralph A.), Judge. Judgment entered 11 December 1987 in Superior Court, FORSYTH County. Heard in the Court of Appeals 27 September 1988.

Hutchins, Tyndall, Doughton & Moore, by Thomas Moore, Jr., and Thomas Taylor, attorneys for plaintiff-appellants.

Johnathan V. Maxwell, attorney for defendant-appellee Aubrey Smith.

Petree Stockton & Robinson, by Ralph Stockton, Jr., Jeffrey C. Howard and Stephen R. Berlin, attorneys for defendant-appellees Salem Stone Company, William E. Ayers, Jr. and Martin-Marietta Corporation.

ORR, Judge.

This matter arises out of an attempt by the defendant to use the property in question for a rock quarry. Plaintiff brings this action for a declaratory judgment pursuant to G.S. 1-254 (1983). The complaint states in pertinent part:

> declaring that the issuance of a building permit or other permits to Salem Stone Company, Martin-Marietta Corporation, their agents or assigns for [a] quarry or other extractive industry on the site in issue is impermissible, inasmuch as the Forsyth County Zoning Ordinance does not permit quarry use in areas zoned R-5 and R-6 . . . .

On 21 August 1986, Salem Stone applied for a special use permit to operate a quarry in a rural area in Forsyth County. On 11 September 1986, the City-County Planning Board voted and approved the plan with certain conditions. On 7 October 1986, the Forsyth County Zoning Board of Adjustment (Zoning Board) granted Salem Stone's special use permit by a 3 - 2 vote.

On 5 November 1986 plaintiffs, local landowners who claim that their rights are affected by the Zoning Board's decision, filed a petition for writ of certiorari seeking review in Forsyth County Superior Court of the Zoning Board's action. On 26 November 1986, suit was also filed by plaintiffs in superior court seeking a declaratory judgment that the majority rule action taken by the Zoning Board was improper. Additionally, plaintiffs sought a permanent injunction precluding any Forsyth County agency from granting permits for quarry operations.

On 26 January 1987, plaintiffs' suits were consolidated and heard in superior court. *Cardwell v. Forsyth County Zoning Board of Adjustment*, 88 N.C. App. 244, 362 S.E. 2d 843 (1987), *disc. rev. denied*, 321 N.C. 742, 366 S.E. 2d 858 (1988). Judge Albright dismissed with prejudice both the suit and the writ of certiorari from the Zoning Board's decision. Plaintiffs appealed the trial court's decision.

On 22 May 1987, plaintiffs filed this suit contending that a new zoning amendment enacted on 11 May 1987 applied to Salem Stone. The new zoning amendment, which revises Chapter 23 of the Forsyth County Code, prohibits quarry operations on lands

zoned, like this particular quarry site, as R-6. Plaintiffs' complaint requested declaratory and permanent injunctive relief.

Plaintiffs moved for summary judgment in the case *sub judice* and defendants Salem Stone Company, Martin-Marietta Aggregates and William Ayers, Jr., a partner with Martin-Marietta, filed a cross-motion for summary judgment.

Judge Walker entered an order for summary judgment as to all defendants setting out certain conclusions upon which his decision was based. Plaintiffs' motion was denied and they gave notice of appeal to this Court.

Plaintiffs' first appeal to this Court in *Cardwell I* resulted in an opinion being filed on 22 December 1987. In this opinion, our Court addressed the two issues raised by plaintiffs. We held that the original 3 - 2 vote of the Zoning Board granting the special use permit was not in violation of the general statutes. *See* G.S. 153A-3 (1987). Secondly, this Court found that the Board had failed to follow its procedure after the vote that required a summary of the evidence and proper findings of fact prepared to support its decision. The trial court's validation of the Zoning Board's decision was reversed and the matter remanded back to the Zoning Board for the preparation of a summary of the evidence and the setting out of findings of fact.

Since the time that the case *sub judice* was docketed with our Court, plaintiffs have commenced yet another action in Forsyth County Superior Court by filing a petition for certiorari. Plaintiffs are attempting to appeal the findings of fact entered by the Zoning Board made at a meeting of the Board, held pursuant to the mandate of this Court in *Cardwell I.* That petition for certiorari was granted.

[1] The first issue to be resolved is the clarification of the mandate of this Court in *Cardwell I.* Appellant contends that the reversal of the trial court's decision invalidated the special use permit. Appellees, on the other hand, contend that it merely required a procedural correction on the part of the Board.

We conclude that the 3 - 2 vote of the Zoning Board on 8 October 1986 which was affirmed by this Court results in the formal issuance of a special use permit. Whether that permit is valid is a question to be determined from a review of the record based

upon the summary of the evidence and findings of fact prepared by the Zoning Board. The remand by this Court in *Cardwell I* was for the purpose of requiring the Zoning Board to follow its procedure and prepare a summary of the evidence heard at the initial hearing and setting out findings of fact to support the Zoning Board's grant of the special use permit.

> When a trial court fails to make findings or conclusions when they are required, the appellate court 'may order a new trial or allow additional evidence to be heard by the trial court or leave it to the trial court to decide whether further findings should be on the basis of the existing record or on the record as supplemented.'

*Harris v. N.C. Farm Bureau Mutual Ins. Co.*, 91 N.C. App. 147, 150, 370 S.E. 2d 700, 702 (1988) (citation omitted). Such summary should include findings as to: (1) whether allowing the proposed special use permit would materially endanger the health of the citizens in the area; (2) whether the applicant has met all the required conditions and specifications; (3) whether the use will substantially injure the value of adjoining or abutting properties; and (4) whether the use will be in harmony with the area in which it will be located.

As of the date of the case *sub judice* being filed on appeal, the Zoning Board had not complied with this Court's mandate in *Cardwell I.* Subsequently, as noted, the Zoning Board did comply and plaintiff instituted a new suit contesting those findings.

[2] This declaratory action raises the question of whether the amended zoning ordinance applies to defendants; thus, precluding them from receiving building permits, or whether defendants are entitled to building permits by virtue of the special use permit. To answer that, it is necessary to have a final determination of the validity of the special use permit originally granted. That determination has only now begun to proceed through our Court system.

Therefore, the trial court erred in its entry of an order granting summary judgment for defendants. *See Gregory v. Perdue, Inc.*, 47 N.C. App. 655, 267 S.E. 2d 584 (1980) (setting out the applicable standard for the grant or denial of a motion for summary judgment). This case should have been dismissed as not being ripe for determination.

The trial court's order is therefore

Reversed and remanded for entry of an order of dismissal.

Judges GREENE and SMITH concur.