CUMBERLAND HOMES, INC., Plaintiff v. CAROLINA LAKES PROPERTY OWNERS' ASSOCIATION, INC., Defendant

No. COA02-517

(Filed 17 June 2003)

**Deeds— restrictive covenants—house plans**

The trial court did not err in a declaratory judgment action by construing the "enclosed heated living area" in a restrictive covenant to include a bonus or computer room located on the second floor of the garage, because: (1) nothing in the restrictive covenant requires the enclosed heated living area to be on the ground level, but instead only mandates that the space cover a ground area of not less than 1,400 square feet; and (2) the minimum enclosed heated living space includes space on the second floor that creates its own footprint over ground area and is not above first floor enclosed heated living space.

Appeal by defendant from judgment dated 5 December 2001 by Judge Wiley F. Bowen in Harnett County Superior Court. Heard in the Court of Appeals 12 May 2003.

*The Yarborough Law Firm, by Garris Neil Yarborough and Barry K. Simmons, for plaintiff appellee.*

*Duncan B. McCormick, for defendant appellant.*

BRYANT, Judge.

Carolina Lakes Property Owners' Association, Inc. (defendant) appeals from a declaratory judgment dated 5 December 2001 construing a restrictive covenant in favor of Cumberland Homes, Inc. (plaintiff).

On 6 September 2001, plaintiff filed this action seeking a declaration that two house plans submitted to defendant's architectural committee complied with a restrictive covenant governing section N of the Carolina Lakes residential subdivision. The undisputed evidence, presented at a 30 November 2001 hearing, shows that plaintiff, the owner of two lots in section N of the Carolina Lakes subdivision, submitted two separate plans for houses to be built on the lots. Defendant's architectural committee rejected the plans on the ground they did not comply with Paragraph 6 of the "Reservations and Restrictions" governing that section of the subdivision. Paragraph 6 states:

6.   HOUSE SIZE REQUIREMENTS: The enclosed, heated, living area (exclusive of garages, carports, porches, terraces, private yards, bulk storage and basements of one-story, two-story and split level dwellings shall cover a ground area of not less than 1,400 square feet.

The term "enclosed heated living area" as used in these minimum size requirements shall mean the total enclosed area within a dwelling provided, however, that such term does not include garages, terraces, decks, open porches, and like areas.

Neither of the house plans submitted by plaintiff contained 1,400 square feet of living area on the first floor. They did, however, both contain "bonus rooms" and/or a "computer room" located on the second floor above the respective garages. If the bonus rooms and computer room were included in the calculations, both plans exceeded the minimum "enclosed heated living area."

Defendant presented no evidence but argued at the hearing that the restrictive covenant should be interpreted to count only living space located on ground level. In support of this position, defendant asserted that second floor living space located above first floor living space was not included in the calculation of "enclosed heated living space" and, thus, space above a garage should not be counted at all, as a garage was expressly excluded from the calculation. Defendant explained the purpose of the covenant was to maintain similar exterior appearances of houses in that section of the subdivision by requiring a certain amount of living space on the ground level and to lead to the construction of "ranch-style" homes. Plaintiff, on the other hand, contended that second floor living area not located above the first floor living area should be counted toward the minimum as it created an additional "footprint" over the ground area. Plaintiff

argued that the purpose of the covenant was to maintain property values by requiring a certain total amount of livable space in houses in the same section.

The trial court, without making any separate findings of fact or conclusions of law, ordered that the restrictive covenant be construed consistently with the statement:

> For purposes of meeting the minimum 1,400 square feet ground area coverage . . . , the phrase "enclosed heated living area" shall include enclosed heated living space of both the first floor and second floor, and the floor in between in the case of a split level home, as long as such space is not directly above or below other living space that has already been counted and credited toward the minimum ground area coverage requirement.

The trial court further ordered that plaintiff's two house plans were in compliance with the restrictive covenant.

---

The dispositive issue is whether the undisputed facts of this case lead to the single inference that plaintiff's house plans complied with the restrictive covenant.

Defendant argues the trial court, without making findings of fact or conclusions of law, incorrectly interpreted the restrictive covenant. Declaratory judgments may be reviewed in the same manner as other judgments. *See Hobson Const. Co., Inc. v. Great American Ins. Co.*, 71 N.C. App. 586, 589, 322 S.E.2d 632, 634 (1984). "In all actions tried upon the facts without a jury . . . the [trial] court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." N.C.G.S. § 1A-1, Rule 52(a)(1) (2001); *see also Gilbert Eng'g Co. v. City of Asheville*, 74 N.C. App. 350, 364, 328 S.E.2d 849, 857 (1985) (trial court, when sitting as finder of fact, is required to "(1) find the facts on all issues joined in the pleadings; (2) declare the conclusions of law arising on the facts found; and (3) enter judgment accordingly"). Where a trial court fails to make the required findings or conclusions, "the appellate court may order a new trial or allow additional evidence to be heard by the trial court or leave it to the trial court to decide whether further findings should be on the basis of the existing record or on the record as supplemented." *Harris v. N.C. Farm Bureau Mut. Ins. Co.*, 91 N.C. App. 147, 150, 370 S.E.2d 700, 702 (1988) (citation omitted) (internal quotations omitted). Remand

is unnecessary, however, where the facts of the case are undisputed and those facts lead to only one inference. *Id.* According to the parties in the instant case, the evidentiary facts are not in dispute. Therefore, because additional findings of fact are not required and because the record provides a sufficient basis for our review on the merits, we can properly determine whether the trial court erred in construing the restrictive covenant.

" 'In construing restrictive covenants, the fundamental rule is that the intention of the parties governs, and that their intention must be gathered from study and consideration of *all* the covenants contained in the instrument or instruments creating the restrictions.' " *Donaldson v. Shearin*, 142 N.C. App. 102, 106, 541 S.E.2d 777, 780 (2001) (quoting *Long v. Branham*, 271 N.C. 264, 268, 156 S.E.2d 235, 238 (1967)), *aff'd*, 354 N.C. 207, 552 S.E.2d 142 (2001) (per curiam). Moreover, restrictive covenants are "strictly construed in favor of the unrestricted use of property." *Rosi v. McCoy*, 319 N.C. 589, 592, 356 S.E.2d 568, 570 (1987). A trial court should not interpret a restrictive covenant in an unreasonable manner or a manner that defeats the plain and obvious purpose of the covenant. *See Long*, 271 N.C at 268, 156 S.E.2d at 239; *see also Donaldson*, 142 N.C. App. at 106, 541 S.E.2d at 780 (restrictive covenants should not be so strictly construed so as to defeat the purpose of the covenant).

In this case, review of all the restrictive covenants applicable to section N of the subdivision reveals that Paragraph 5 limits the use of property to the building of "one (1) detached single family dwelling not to exceed two (2) stories in height," and Paragraph 6 itself also refers to two-story dwellings. From this, it is clear that construction of two-story houses in section N was anticipated in the drafting of the restrictive covenants. Furthermore, nothing in the restrictive covenant requires the "enclosed heated living area" to actually be on the ground level. Instead, it only mandates that the space cover a "ground area of not less than 1,400 square feet."

Thus, construing the restrictive covenant to give effect to its plain meaning and against limitation of the free use of property, the only inference to be drawn is that the minimum "enclosed heated living space" includes space on the second floor that creates its own "footprint" over ground area and is not above first floor "enclosed heated living space." The trial court, therefore, did not err in its construction of the restrictive covenant. Accordingly, declaratory judgment for plaintiff was proper.

IN RE ALEXANDER

[158 N.C. App. 522 (2003)]

Affirmed.

Chief Judge EAGLES and Judge LEVINSON concur.