JOHN BERNARD WOODRING, Executor of the Estate of Ernest S. Woodring, Plaintiff v. GENE WOODRING, ROBERT WOODRING, BETTY WOODRING KAYLOR, JO ANN WOODRING TILLEY, JAMES WOODRING, SANDRA WOODRING, and GRADY WOODRING, Defendants

No. COA03-1040

(Filed 1 June 2004)

**Wills— interpretation of provisions—sufficiency of findings**

A declaratory judgment interpreting a will was remanded for further findings where the trial court merely recited the requests in the complaint, recited the pertinent articles from the will, and concluded that the testator intended his sister and her husband to

take by the entirety rather than individually. The law applied by the court could not be determined from the order.

Appeal by defendants Gene Woodring, Robert Woodring, Betty Woodring Kaylor, Jo Ann Woodring Tilley, James Woodring, and Sandra Woodring from order entered 14 May 2003 by Judge James L. Baker, Jr., in Watauga County Superior Court. Heard in the Court of Appeals 28 April 2004.

*Robert B. Angle, Jr., for plaintiff-appellee.*

*John M. Logsdon for defendants-appellants.*

*No brief filed by defendant-appellee Grady Woodring.*

TIMMONS-GOODSON, Judge.

Gene Woodring ("Gene"), Robert Woodring ("Robert"), Betty Woodring Kaylor ("Betty"), Jo Ann Woodring Tilley ("Jo Ann"), James Woodring ("James"), and Sandra Woodring ("Sandra") (collectively, "defendants") appeal the trial court's order interpreting the will of Ernest Smith Woodring ("Ernest") and establishing the method of division of his estate among the named beneficiaries. For the reasons discussed herein, we reverse the trial court's order.

The facts and procedural history of the instant case are as follows: Ernest Smith Woodring died testate in Watauga County on 5 October 2001. The following were named as beneficiaries in his will: Donzola Woodring ("Donzola"), Ernest's sister; Gene Woodring ("Gene"), Donzola's husband; Grady Cleveland Woodring ("Grady"), Ernest's brother; and John Bernard Woodring ("John"), Ernest's nephew. Ernest's will did not mention either Eula May or Earline, his other two surviving sisters. At the time of his death, Donzola had predeceased Ernest and left five surviving children: Robert, Betty, Jo Ann, James, and Sandra.

With the consent of all beneficiaries, John was appointed personal representative of Ernest's estate. On 24 February 2003, John filed a declaratory judgment action, seeking a judicial interpretation of Ernest's will and direction as to how to distribute the net proceeds of Ernest's estate. The pertinent language of the will is as follows:

Article Two

I will, devise, and bequeath all my property of every sort, kind and description, real personal and mixed, which I may own at the

time of my death, unto my sister, Donzola Woodring and her husband, Gene Woodring, and my brother, Grady Cleveland Woodring, and unto my nephew, John Bernard Woodring, share and share alike.

Article Three

In the event that my sister, Donzola Woodring and her husband, Gene Woodring, and my brother, Grady Cleveland Woodring, and my nephew John Bernard Woodring, should predecease me, I hereby will, devise and bequeath all of the share that they might have individually taken to their issue them [sic] living, share and share alike.

At trial, John contended that the language of Article Two created three equal shares: one share for Grady, one share for John, and one share for Donzola and Gene as tenants by the entirety. Defendants contended that the language created four equal shares: one share for Grady, one share for John, one share for Gene, and one share for Donzola. On 14 May 2003, the trial court declared that Ernest's will created a tenancy by the entirety between Donzola and Gene, and the trial court ordered the estate divided into three shares, with one share going to Gene, one share to Grady, and one share to John. It is from this order that defendants appeal.

---

The only issue on appeal is whether the trial court erred in concluding that Ernest's will created a tenancy by the entirety between Donzola and Gene. Defendants fail to make specific exceptions to the trial court's findings of fact, choosing rather to make a general exception to the trial court's conclusion of law. Absent specific exceptions to findings of fact, this Court's review is limited to a determination of whether the trial court's findings of fact support its conclusions of law. *Denise v. Cornell*, 72 N.C. App. 358, 359, 324 S.E.2d 305, 306-07, *petition for writ of supersedeas and temporary stay denied*, 313 N.C. 173, 326 S.E.2d 36 (1985). We conclude that they do not.

In his 24 February 2003 Complaint for Declaratory Judgment, plaintiff requested the trial court "declare the rights, status and legal ownership of estate proceeds of Ernest Smith Woodring." In its declaratory judgment, the trial court entered the following findings of fact:

1. This matter was properly before the Court upon a "Complaint for Declaratory Judgment" filed by the Plaintiff[] to obtain the

Court's interpretation of the will and guidance on how to distribute the proceeds of the Estate of Ernest Smith Woodring, Estate #01 E 293.

2. That the Plaintiff was represented by Robert B. Angle, Jr.

3. That the Defendants were represented by John Logsdon.

4. That the language to be interpreted in the will was contained in Article Two and Three and read in full:

### Article Two

I will, devise and bequeath all of my property of every sort, kind and description, real, personal and mixed, which I may own at the time of my death, unto my sister, Donzola Woodring and her husband, Gene Woodring, and my brother, Grady Cleveland Woodring, and unto my nephew, John Bernard Woodring, share and share alike.

### Article Three

In the event that my sister, Donzola Woodring and her husband, Gene Woodring, and my brother, Grady Woodring, and my nephew, John Bernard Woodring, should predecease me, I hereby will: [sic] devise and bequeath all of the share that they might have individually taken to their issue them (should be then) living share and share alike.

5. That the issue before the Court is for a determination of whether the intent of the Testator, as expressed in the will, was to divide the residue of his estate into three parts, with "Donzola Woodring and her husband, Gene Woodring" taking one part in a Tenancy by the Entirety, or, to divide the estate into four parts with Donzola getting a share and her husband Gene getting a share (Donzola predeceased the Testator so her share would go to her children).

"Based on the foregoing findings of fact," the trial court then "conclude[d] as a matter of law that the intent of the Testator, as expressed in the will, was to create a Tenancy by the Entireties between 'Donzola Woodring and her husband, Gene Woodring' and to divide the estate into three shares with Gene Woodring taking the share as the survivor of the Tenancy by the Entirety." We conclude the trial court's findings of fact do not adequately support its conclusion of law.

"Declaratory judgments may be reviewed in the same manner as other judgments." *Cumberland Homes, Inc. v. Carolina Lakes Prop. Owners' Ass'n*, 158 N.C. App. 518, 520, 581 S.E.2d 94, 96 (2003). "In all actions tried upon the facts without a jury[,] . . . the [trial] court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (2003); *Id.* When the trial court fails to make the requisite findings of fact or conclusions of law, this Court " 'may order a new trial or allow additional evidence to be heard by the trial court or leave it to the trial court to decide whether further findings should be on the basis of the existing record or on the record as supplemented.' " *Harris v. N.C. Farm Bureau Mutual Ins. Co.*, 91 N.C. App. 147, 150, 370 S.E.2d 700, 702 (1988) (citation omitted). "Remand is unnecessary, however, where the facts of the case are undisputed and those facts lead to only one inference." *Cumberland Homes*, 158 N.C. App. at 520-21, 581 S.E.2d at 96.

The facts of the instant case do not lead to only one inference. The issue before the trial court in the declaratory judgment concerned two articles of Ernest's will that could reasonably be interpreted as creating either a tenancy in common or a tenancy by the entirety between Donzola and Gene. This Court has previously noted that the intent of the testator is the polar star in the interpretation of wills. *Finch v. Wachovia Bank & Tr. Co.*, 156 N.C. App. 343, 349, 577 S.E.2d 306, 310 (2003). Thus, courts are required to effectuate the testator's intent "unless it is contrary to some rule of law or is conflict with public policy." *Canoy v. Canoy*, 135 N.C. App. 326, 328-29, 520 S.E.2d 128, 131 (1999). In determining the testator's intent, the language used in the will and the "sense in which it is used by the testator" are the primary sources of information, because the will itself is recognized as "the expressed intention of the testator[.]" *Clark v. Connor*, 253 N.C. 515, 520, 117 S.E.2d 465, 468 (1960). However, when construing its terms, courts must also consider the "circumstances attendant" to a will along with its four corners. *Pittman v. Thomas*, 307 N.C. 485, 492-93, 299 S.E.2d 207, 211 (1983).

In the instant case, the trial court made no findings of fact regarding Ernest's intent or the circumstances attendant to the will. Instead, the trial court merely recited the requests contained in the Complaint For Declaratory Judgment as well as the pertinent articles plaintiff requested the trial court review, and then concluded that Ernest intended to divide the estate into three shares, with Donzola and Gene taking one share as tenants by the entirety. We are thus unable

from the trial court's order to determine the precise law the trial court applied to the facts before it.

"The requirement for appropriately detailed findings is . . . not a mere formality or a rule of empty ritual; it is designed instead 'to dispose of the issues raised by the pleadings and to allow the appellate courts to perform their proper function in the judicial system.' " *Coble v. Coble*, 300 N.C. 708, 712, 268 S.E.2d 185, 189 (1980) (quoting *Montgomery v. Montgomery*, 32 N.C. App. 154, 158, 231 S.E.2d 26, 29 (1977)). Without meaningful and sufficient findings of fact, appellate courts are unable to determine whether the trial court was correct in its conclusions of law. *Montgomery*, 32 N.C. App. at 158, 231 S.E.2d at 29. In the instant case, because the order appealed from does not contain findings of fact sufficient to support the trial court's conclusion of law, we reverse and remand the trial court's order. On remand, the trial court may in its discretion receive such additional evidence and arguments deemed necessary and appropriate to comply with this opinion.

Reversed and Remanded.

Judges McGEE and TYSON concur.