NO. COA14-167

NORTH CAROLINA COURT OF APPEALS

Filed: 15 July 2014


EASTERN PRIDE, INC.,
KENNETH E. MOOREFIELD
and wife, LYNN B.
MOOREFIELD,
 Plaintiffs,

 v.         Nash County
            No. 13 CVS 186

GURDIAL SINGH and wife,
AMANDIP KAUR,
 Defendants.


Appeal by Defendants from order entered 15 November 2013 by Judge Gary E. Trawick in Nash County Superior Court. Heard in the Court of Appeals on 19 May 2014.


 *Hornthal, Riley, Ellis & Maland, L.L.P., by L. Phillip Hornthal, III, and Graebe Hanna & Sullivan, PLLC, by Christopher T. Graebe, for Plaintiffs-appellees.*

 *Nigle B. Barrow, Jr., for Defendants-appellants.*


 DILLON, Judge.


 Gurdial Singh and Amandip Kaur ("Defendants") appeal from a trial court's ruling granting summary judgment in favor of Eastern Pride, Inc., Kenneth E. Moorefield, and Lynn B. Moorefield ("Plaintiffs") declaring that the construction and operation of a Family Dollar store upon Plaintiffs' real

property does not violate the restrictive covenant contained in a deed, which prevents certain uses of said property. For the following reasons, we affirm the trial court's order.

## I. Background

Plaintiffs commenced this action, seeking a declaratory judgment that a restrictive covenant prohibiting the use of their real property "as a convenience store" would not be violated by the construction and operation of a Family Dollar store. Defendants filed their responsive pleading seeking, *inter alia*, injunctive relief to prevent the construction and operation of a Family Dollar store on Plaintiffs' property. The parties filed cross motions for summary judgment. The evidence presented to the trial court on these motions tended to show as follows: As of 2006, Plaintiffs Kenneth and Lynn Moorefield ("the Moorefields") owned two adjacent tracts of land in Rocky Mount. One tract was developed as a convenience store (the "Convenience Store Tract"); the other tract was undeveloped (the "Vacant Tract"). On or about 29 December 2006, the Moorefields contracted to sell the Convenience Store Tract to Defendants. As part of the agreement, the Moorefields and Defendants agreed that certain restrictive covenants would be placed on the Convenience Store Tract and the Vacant Tract. Pursuant to this

agreement, the Moorefields conveyed the Convenience Store Tract to Defendants by deed (the "Deed") which was recorded in the Nash County Registry on 10 January 2007. The Deed contained the following restrictive covenant language:

> 1) The [Convenience Store Tract] shall be used solely as a convenience store with gas pumps and no portion may be used nor may there be operated thereon an adult bookstore, adult video store, or an adult entertainment facility. ***As long as Grantee operates a convenience store on the [Convenience Store Tract] the Grantor may not use [the Vacant Tract] or any portion as a convenience store.***
>
> . . . .
>
> 4) These restrictions shall be binding upon and inure to the benefit of Grantor and Grantee, their heirs, successors and assigns.

(Emphasis added.)

On 18 July 2012, the Moorefields entered an agreement to sell the Vacant Tract to Eastern Pride, Inc., who intended to construct a building thereon to be leased to Family Dollar Stores of North Carolina, Inc. for the operation of one of its stores. On 12 September 2012, Family Dollar Stores executed a "Letter of Intent" to lease the Vacant Tract from Eastern Pride at some point after Eastern Pride purchased the tract from the Moorefields. However, on 9 October 2012, Defendants' counsel

sent a letter to the Moorefields contending that the restrictive covenant contained in the 2007 Deed prohibited the operation of a Family Dollar store on the Vacant Tract.

On 15 November 2013, the trial court entered an order allowing Plaintiffs' motion for summary judgment, denying Defendants' motion for summary judgment, and declaring that "[a] Family Dollar Store is not a 'convenience store' as prohibited in the Deed[,]" the construction and operation of a Family Dollar store did not violate the restrictive covenants in the deed, and a copy of the order was to be recorded in the register of deeds' office. On 10 December 2013, Defendants gave notice of appeal from the trial court's order.

## II. Standard of Review

In appeals from a trial court's ruling from a party's motion for summary judgment from a declaratory judgment ruling,

> [s]ummary judgment may be granted in a declaratory judgment proceeding where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

*Steiner v. Windrow Estates Home Owners Ass'n,* 213 N.C. App. 454, 456-57, 713 S.E.2d 518, 521-22 (2011) (citations omitted). Interpretation of the language of a restrictive covenant is

generally a question of law reviewed *de novo* by this Court. *See Moss Creek Homeowners Ass'n v. Bissette*, 202 N.C. App. 222, 228, 689 S.E.2d 180, 184 (observing that "restrictive covenants are contractual in nature.") (citation omitted)), *disc. rev. denied*, 364 N.C. 242, 698 S.E.2d 402 (2010); *Harris v. Ray Johnson Const. Co., Inc.*, 139 N.C. App. 827, 829, 534 S.E.2d 653, 654 (2000) (stating that contract interpretation is a matter of law, reviewed *de novo*).

## III. Analysis

Defendants contend that the trial court erred in granting summary judgment in favor of Plaintiffs and declaring that the construction and operation of a Family Dollar store on the Vacant Tract did not violate the restrictive covenants prohibiting the operation of a "convenience store" on that tract. We disagree.

"In construing restrictive covenants, the fundamental rule is that the intention of the parties governs, and that their intention must be gathered from study and consideration of *all* the covenants contained in the instrument or instruments creating the restrictions." *Cumberland Homes, Inc. v. Carolina Lakes Prop. Owners' Ass'n*, 158 N.C. App. 518, 521, 581 S.E.2d 94, 96 (2003) (emphasis in original). "However, this intention

may not be established by parol. Neither the testimony nor the declarations of a party is competent to prove intent." *Schwartz v. Banbury Woods Homeowners Ass'n,* 196 N.C. App. 584, 591, 675 S.E.2d 382, 388 (2009), *disc. review denied*, 363 N.C. 856, 694 S.E.2d 391 (2010). "[A]ny ambiguities in the restrictions are to be resolved in favor of the free and unrestricted use of the land." *Black Horse Run Ppty. Owners Assoc. v. Kaleel*, 88 N.C. App. 83, 85, 362 S.E.2d 619, 621 (1987), *disc. review denied*, 321 N.C. 742, 366 S.E.2d 856 (1988). That is, as our Supreme Court has explained, any doubt should be resolved in favor of "the unrestricted use of property, so that where the language of a restrictive covenant is capable of two constructions, the one that limits, rather than the one which extends it, should be adopted, and that construction should be embraced which least restricts the free use of the land." *Long v. Branham*, 271 N.C. 264, 268, 156 S.E.2d 235, 239 (1967). This "rule of strict construction is grounded in sound considerations of public policy: It is in the best interests of society that the free and unrestricted use and enjoyment of land be encouraged to its fullest extent." *Erthal v. May*, ___ N.C. App. ___, ___, 736 S.E.2d 514, 518 (2012), *appeal dismissed and disc. review denied*, 366 N.C. 421, 736 S.E.2d 761 (2013).

Applying these principles to the present case, we believe that, for the reasons stated below, the operation of a Family Dollar store does not violate the restrictive covenant in the Deed, and, therefore, hold that the trial court did not err in granting summary judgment to Plaintiffs.

The term "convenience store" is not defined in the restrictive covenant language in the Deed. We have held that "[u]nless the covenants set out a specialized meaning, the language of a restrictive covenant is interpreted by using its ordinary meaning." *Erthal*, ___ N.C. App. at ___, 736 S.E.2d at 522. A dictionary with the copyright date on or about the time the restrictive covenant was executed "is an appropriate place to ascertain the then customary definitions of words and terms." *Angel v. Truitt*, 108 N.C. App. 679, 683, 424 S.E.2d 660, 663 (1993) (applying a definition from the 1982 edition of *The American Heritage Dictionary* to determine the customary definition of the term "mobile home" as used in a restrictive covenant executed in 1981) (citation omitted)).

Here, the restrictive covenants were entered into in 2006. "[C]onvenience store" is defined as "[a] small retail store that is open long hours and that typically sells staple groceries, snacks, and sometimes gasoline." The American Heritage

Dictionary of the English Language, 401 (4th. ed. 2000). The Merriam-Webster's Collegiate Dictionary, also defines "convenience store" as "a small often franchised market that is open long hours." *Id.* at 272 (11th. ed. 2003). Using these accepted definitions, the ordinary meaning of the words show that a key feature of a "convenience store" is its small size, long store hours, and it sells some groceries, snacks, and sometimes gasoline.

A Family Dollar store, however, is more accurately described as a discount store, rather than as a convenience store. For instance, in a Form 10-K filed with the Securities and Exchange Commission, Family Dollar Stores, Inc. states that its "stores are generally open seven days a week and operate between the hours of 8:00 a.m. and 9:00 p.m."; that its store size is typically between 7,500 and 9,500 square feet; and that it sells "quality merchandise at everyday low prices" with the majority of products priced at $10 or less and offering "a focused assortment of merchandise . . . such as health and beauty aids, packaged food and refrigerated products, home cleaning supplies, housewares, stationery, seasonal goods, apparel, and home fashions." The Family Dollar letter of intent

with Eastern Pride states that the proposed building for the Vacant Tract would be 8,320 square feet.

Looking at the dictionary definitions for "convenience store" cited above, we do not believe a retail store occupying a 8,320 square-foot space is a "small retail store"; and, further, it is at best ambiguous whether a store which is open only 13 hours per day constitutes being open for "long hours." We further note that none of above definitions for a convenience store state that it typically sells products at discount prices, like a Family Dollar store. We further note that the code assigned to a Family Dollar store under the North American Industrial Classification System ("NAICS")[1] is not the code assigned by NAICS to convenience stores generally. Specifically, the NAICS code assigned to Family Dollar stores is 452990, whereas the NAICS code generally assigned to convenience stores selling gas is 447110 and the NAICS code generally assigned to convenience stores not selling gas is 445120.

---

[1] The NAICS is a number system used by businesses and governmental agencies throughout North America. For instance, the United States Department of Labor's Bureau of Labor Statistics utilizes the NAICS, describing it as a "framework to group establishments into industries based on the activity in which they are primarily engaged." http://www.bls.gov/bls/naics.htm.

Accordingly, we do not believe that a Family Dollar Store falls within the ordinary definition of a "convenience store."

It is apparent that Defendants do not want an establishment operating on the Vacant Tract which sells products which they sell in their convenience store on their Convenience Store Tract. Defendants could have negotiated that the restrictive covenant contain language prohibiting certain types of goods from being sold from a store operating on the Vacant Tract; however, such language limiting the type of products that can be sold on the Vacant Tract is not in the Deed. Rather, the language in the Deed merely prevents the *type of store* that can operate on the Vacant Tract. Certainly, the restrictive covenant at issue would not prevent a Food Lion grocery store or a Wal-Mart store from operating on the Vacant Tract since they are clearly not "convenience store[s]," even though they sell many of the same products that are sold in convenience stores.

We have reviewed the other arguments raised by Defendants in their brief and find them unpersuasive. Accordingly, we affirm the trial court's order.

AFFIRMED.

Chief Judge MARTIN and Judge STEELMAN concur.